[No. 13146. Department One. — December 13, 1889.]

## J. M. SIDLINGER, RESPONDENT, *v.* F. KERKOW ET AL., APPELLANTS.

MECHANIC'S LIEN — CONTRACT UNDER ONE THOUSAND DOLLARS — WRITING NOT REQUIRED — VALIDITY BETWEEN CONTRACTOR AND OWNER. — Under section 1183 of the Code of Civil Procedure, taken in connection with section 1184, it is not required, in order to preserve the right of lien, that a laborer or contractor should enter into a written contract or agree to reserve twenty-five per cent of the contract price for thirty-five days after the completion of the work, unless the amount agreed to be paid under the contract exceeds one thousand dollars. Where the contract price does not exceed one thousand dollars, the contract need not be in writing, and the statute does not render it void as between the contractor and owner, whatever may be its terms in other respects.

ID. — LIEN UPON FIXTURES — FINDING — PRESUMPTION UPON APPEAL. — When it appears that the lien claimed is for painting and papering the basement story of a building, and that some of the work was done upon "counters, sideboard, shelving, ice-box, partitions, and wainscoting," but there is nothing to show that the articles were not affixed to the building, if the court finds that the lien is for repairs and improvements upon the building and "certain articles affixed and appurtenant thereto and placed thereon," it will be presumed upon appeal from the judgment that the evidence supported the decision, and that no part of the lien is for work done upon personal property.

ID. — FORECLOSURE OF LIEN — FAILURE TO DEFINE EXTENT OF LAND. — Upon the foreclosure of a mechanic's lien upon a building, the failure of the court to define the exact amount or extent of land necessary for the building does not invalidate the decree, and is not ground for reversing it upon appeal of the defendant, though it may be that the purchaser would acquire no land beyond that covered by the building.

ARBITRATION — STIPULATION NOT PROVIDING FOR ORDER OF COURT — REVOCATION OF SUBMISSION. — A stipulation for submitting matters in controversy to arbitration, which contains no provision by which an order of court could be made upon it, and which is not made an order of court, may be revoked at any time before the award is made.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Gottschalk & Luckel,* for Appellants.

*Herndon, Cain & Garrison,* for Respondent.

PATERSON, J. — This is an action to recover the sum of $519 for work and labor upon a certain building owned by the defendant Amestoy in the city of Los Angeles. The amount claimed includes the sum of $300 as a balance under an express contract to perform certain work, the contract price being $600, and the sum of $219 for extra work, alleged to have been performed at the special instance and request of the defendants Kerkow & Shurtz. The action is also to foreclose a mechanic's lien for the sums mentioned. Plaintiff had judgment in the court below, and defendant has appealed therefrom on the judgment roll alone. The first point made by appellants is, that the contract between the plaintiff and defendants was void because it did not provide that twenty-five per cent of the contract price should be payable thirty-five days after the completion of the contract. Section 1183 of the Code of Civil Procedure provides: "All such contracts shall be in writing *when the amount agreed to be paid thereunder exceeds one thousand dollars,* and shall be subscribed by the parties thereto, and the said contract, or a memorandum thereof, setting forth the names of all the parties to the contract, a description of the property to be affected thereby, together with a statement of the general character of the work to be done, the total amount to be paid thereunder, and the amounts of all partial payments, together with the times when such payments shall be due and payable, shall, before the work is commenced, be filed in the office of the county recorder of the county, or city and county, where the property is situated; . . . . otherwise they shall be wholly void, and no recovery shall be had thereon by either party thereto; and in such case the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." Immediately following this provision of sec-

tion 1183 is the following provision of section 1184: " No part of the contract price shall, by the terms of *any such contract,* be made payable, nor shall the same or any part thereof be paid in advance of the commencement of the work, but the contract price shall, by the terms of the contract, be made payable in installments at specified times after the commencement of the work, or on the completion of specified portions of the work, or on the completion of the whole work; provided, that at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract. . . . . In case such contracts and alterations thereof do not conform substantially to the provisions of *this section,* the labor done and materials furnished by all persons except the contractor shall be deemed to have been done and furnished at the personal instance and request of the person who contracted with the contractor, and they shall have a lien for the value thereof."

Reading these two sections together, we think it quite clear that the legislature did not intend to provide that twenty-five per cent of the contract price should be payable thirty-five days after the completion of the contract in any case except "when the amount agreed to be paid thereunder exceeds one thousand dollars." The use of the phrase " *any such contract* " in the clause of section 1184, immediately following the provisions of section 1183, quoted above, indicates, we think, that the legislature intended to refer to the contracts which had just been spoken of in section 1183, namely, contracts in which "the amount agreed to be paid thereunder exceeds one thousand dollars." That such contracts were referred to is made evident from the peculiar language of the last clause quoted from section 1184, namely, "in case *such contracts* and alterations thereof do not conform substantially to the provisions of *this section,*" etc. It is not essential to the validity of a lien for work done

under a contract, the contract price of which is less than a thousand dollars, that it should be in writing. Contracts only in which the contract price exceeds one thousand dollars are required by section 1183 to be in writing, giving the names of the parties, description of the property, statement of the character of the work, total amount to be paid, amount of partial payments, time of payment, etc. It was not intended, we think, that in order to preserve the right of lien a laborer or contractor should be put to the trouble of entering into a written contract, and reserving twenty-five per cent of the contract price for thirty-five days after the completion of the work, in cases where the contract price is less than one thousand dollars. The rule contended for would be a harsh one in cases where the contract price was less than one thousand dollars,—small amounts.

It is contended further that the lien is for work done upon personal property. The court found that the improvements and repairs consisted of "certain improvements, additions, alterations, and repairs, to wit, painting and papering of walls, entrances, ceilings, partitions, and other portions of the basement story of said building, and certain structures or articles affixed and appurtenant thereto and placed thereon." It is true, some of the worked performed is spoken of as "counters, sideboard, shelving, ice-box, partitions, and wainscoting," but there is nothing to show that they were not among the articles "affixed and appurtenant thereto." We must presume, of course, that the evidence supported the decision.

It is claimed that the findings and judgment are indefinite and uncertain as to what property should be sold by the sheriff. The failure of the court to define the exact amount or extent of the land necessary for the building does not invalidate the decree. It may be that the purchaser would acquire no land beyond that covered

by the building, but the judgment is good. (*Tibbetts* v. *Moore*, 23 Cal. 213.)

There was no provision in the stipulation submitting the matters in controversy to arbitration by which an order of the court could have been made upon it. No action whatever has ever been taken upon the stipulation. "If the stipulation is not made an order of the court, it may be revoked at any time before the award is made." (Code Civ. Proc., sec. 1283.)

Judgment affirmed.

Fox, J., and McFARLAND, J., concurred.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the 10th of January, 1890:—

The COURT.—The petition for a rehearing is denied; but to prevent misunderstanding, we may say that there is nothing in the statute which renders void as between contractor and owner a contract under which the amount to be paid does not exceed the sum of one thousand dollars, whatever may be its terms in other respects.