[No. 13600.    In Bank. — September 13, 1890.]

KERCKHOFF-CUZNER MILL AND LUMBER COMPANY, RESPONDENT, *v.* GEORGE CUMMINGS ET AL., APPELLANTS.

MECHANICS' LIEN — BUILDING CONTRACT — CONSTRUCTION OF CODE. — The provisions of section 1184 of the Code of Civil Procedure, relative to the mode of payment of the contract price of a building, do not apply to such contracts when the price does not exceed one thousand dollars, but only to such contracts when the price exceeds that sum.

ID. — WITHHOLDING PRICE FROM CONTRACTOR — NOTICE — DISCHARGE OF REPUTED OWNER. — No part of the contract price under a building contract, when the price does not exceed one thousand dollars, need be withheld by the reputed owner, and he may pay the whole of it to the contractor before the commencement or after the completion of the work, unless the notice prescribed in section 1184 of the Code of Civil Procedure is given in time to intercept the money in the hands of the reputed owner, otherwise the payment of it to the contractor in accordance with the terms of the contract will operate as a complete discharge as far as the reputed owner is concerned.

ID. — DEFENSE TO LIEN OF MATERIAL-MAN — SUFFICIENCY OF ANSWER. — Averments of an answer in an action by a material-man to foreclose a lien upon a building that the contract between the owner of the build-

ing and the contractor was verbal; that the price to be and that was paid thereunder was less than one thousand dollars; that it was to be and was paid every Saturday night as the work progressed; that the last installment was paid upon the completion of the work; and that the only notice that the owner received from the plaintiff was about one month after he had paid the contractor in full, — are sufficient to constitute a defense on the part of the owner of the building against the claim of lien on the part of the material-man.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Wells, Guthrie & Lee*, for Appellants.

*Graves, O'Melveny & Shankland*, for Respondent.

GIBSON, C. — The plaintiff furnished certain building material of the value of $429.87 to the defendant Singer, for the alteration and repair of a dwelling-house owned by the other defendant, Cummings, who had contracted with Singer to have him alter and repair said dwelling-house, and furnish the necessary material therefor. To recover the value of the material so furnished of Singer, and to enforce a lien claimed therefor upon the house of Cummings, this action was brought, and resulted in a personal judgment against Singer, who defaulted, and a foreclosure of the lien claimed upon the property of Cummings. From the judgment so rendered against him Cummings appeals.

The appellant in his answer set up as a separate defense that he entered into a verbal contract with Singer, by which Singer was to make certain repairs on the appellant's house, and furnish material for the same, for the sum of $451, portions of which sum were to be paid every Saturday night as the work progressed; that while the work was being done, payments were made, and after it was completed Singer was paid in full; that during the performance of the contract by Singer, the respondent did not serve any notice upon the appellant to

the effect that it had furnished material for the building to Singer, but that about one month after the work had been completed, and the appellant had paid Singer, the contractor, in full, the respondent notified the appellant that there was a certain amount due for material furnished to Singer; that appellant thereupon notified respondent that Singer had been paid in full, and there was nothing due from the appellant to him. To this portion of the answer the respondent demurred, upon the ground that it did not constitute a defense to the action. The demurrer was sustained, and the trial was had with such portion of the answer eliminated.

The ruling thus made presents the only question in the case, as to whether notice is necessary from the material-man to the owner, in cases where the contract price does not exceed one thousand dollars, in order that the owner may be required to hold back sufficient money due or that may become due the contractors to meet the claim of the material-man, and satisfy any lien he may file therefor.

The respondent, in support of the ruling of the court below sustaining the demurrer to the answer, contends that all contracts between the reputed owner and the contractor, whether the price to be paid thereunder exceeds one thousand dollars or not, as provided for in section 1183 of the Code of Civil Procedure, are subject to and controlled by section 1184 of the same code, which requires the price, payable under contracts between the reputed owner and the contractor, to be paid in money, and in installments after the commencement of the work, and the reservation of one installment of at least twenty-five per cent of the whole price for at least thirty-five days after the completion of the work; and that the contract price under the contract in this case having been made payable in a manner different from that prescribed by section 1184, the contract was of no effect as to respondent, and the only notice it (respond-

ent) was required to give was the filing of the lien within the proper time.

This contention is contrary to the doctrine of *Sidlinger* v. *Kerkow*, 82 Cal. 42. In that case, it was held that the provisions of section 1184, relative to the payment of the price payable under contracts between the reputed owner and contractor, do not apply to such contracts when the price does not exceed one thousand dollars, but only to such contracts when the price exceeds that sum; and that a contract in which the price to be paid does not exceed the sum last mentioned is effective as to all persons who may perform labor for or furnish material to the contractor, or both. This being so, it is clear that no part of the contract price under such a contract need be withheld by the reputed owner; and he may pay the whole of it to the contractor before the commencement or after the competion of the work, unless the notice prescribed in section 1184 is given. That section provides that any person, except the contractor, who performs labor or furnishes material, or both, may at any time give to the reputed owner a written notice containing the requisite specifications that he has performed labor or furnished material, or both, to the contractor or other person acting by the authority of the reputed owner, or has agreed to do so. " Upon such notice being given, it shall be the duty of the person who contracted with the contractor to and he shall withhold from his contractor, or from any other person acting under such reputed owner, and to whom by said notice the said labor or materials, or both, have been furnished or agreed to be furnished, sufficient money due or that may become due to such contractor or other person, to answer such claim, and any lien that may be filed therefor for record under this chapter, including counsel fees not exceeding one hundred dollars in each case, besides reasonable costs provided for in this chapter."

This notice must be given in time to intercept the

money in the hands of the reputed owner; otherwise the payment of it to the contractor in accordance with the terms of the contract, which, as has been shown, may be made to suit themselves when the contract price does not exceed one thousand dollars, will operate as a complete discharge as far as the reputed owner is concerned; because section 1183 makes a contract between the reputed owner and the contractor, regardless of the amount of the contract price, a lien to the extent of the whole contract price in favor of all persons except the contractor, and as to him for whatever remains after the claims of the others are satisfied, thus making the liability of the owner to all persons, except the contractor, who perform work or supply material depend upon whether there is anything due on the contract to the contractor. And if the contractor be paid in full before the notice prescribed in section 1184 is given, the mechanic, laborer, and material-man are remediless, except as against the contractor personally.

In the present case, the answer of the owner avers that the contract between himself and the contractor was verbal; that the price to be paid and that was paid thereunder was less than one thousand dollars; that it was to be and was paid every Saturday night as the work progressed; and that the last installment was paid upon the completion of the work; that the only notice that he received was about one month after he had paid the contractor in full. These averments, if true, under the construction given to sections 1183 and 1184 in *Sidlinger* v. *Kerkow*, are sufficient to constitute a defense on the part of the appellant, who is the owner of the building, against the claim of lien of the respondent for the material furnished. It may be well to remark that the only notice which, from the record, appears to have been given by the respondent to the appellant was that resulting from the filing of the lien twenty-nine days after the completion of and the full payment for the work.

We therefore advise that the judgment appealed from be reversed, and the trial court directed to overrule the demurrer to the answer.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment appealed from is reversed, and the trial court is directed to overrule the demurrer to the answer.

BEATTY, C. J., THORNTON, J., and FOX, J., dissented.

Rehearing denied.