[No. 18025. Department One. — August 18, 1892.]

H. SACHSE, RESPONDENT, *v.* E. S. AUBURN ET AL., APPELLANTS.

MECHANIC'S LIEN — JUDGMENT OF FORECLOSURE — EXTENT. OF LAND DECREED TO BE SOLD — PRESUMPTION UPON APPEAL — PLEADING — NECESSITY FOR CONVENIENT USE. — In an action to foreclose a mechanic's lien, where there is nothing in the record to show that the land described in the decree in favor of the plaintiff directing the land to be sold is greater in extent than that covered by the building, it will be presumed upon appeal in favor of the judgment that it was not greater in extent, and the judgment will not be reversed because of the absence of an allegation and finding that it was necessary for the convenient use and occupation of the building.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*A. H. Carpenter,* and *S. J. Hinds,* for Appellant.

*L. L. Cory, Church & Cory,* and *Webb & Strother,* for Respondent.

PATERSON, J. — This is an action to foreclose a mechanic's lien. The case differs from *Dusy* v. *Prudom, ante,* p. 646, this day filed, in one material respect only. There is neither an allegation nor a finding that all of the land which the decree directs to be sold is necessary for the convenient use and occupation of the building.

In *Green* v. *Chandler*, 54 Cal. 627,— the case upon which appellants rely, — it appeared that the structure in controversy was built upon a tract of land containing something over eight acres. The court found that the whole of said parcel with its appurtenances was required for the convenient use and occupation of the mill, etc. It was held on appeal that this finding was not within any of the issues made by the complaint and answer, and that there was no evidence upon which the court could determine that the whole or any particular part of the land was necessary for the use and occupation of the structure. It was apparent to the court in that case that the court below had decreed the sale of a larger tract of land than that actually occupied by the building upon which the lien was filed; and as there was no allegation, either in the complaint or in the answer, that all of the land was necessary for the convenient use and occupation of the building, the court held that the finding, being outside of any issue, did not warrant the judgment. In *Sidlinger* v. *Kerkow*, 82 Cal. 42, it did not appear that the plaintiff was claiming any more land than that occupied by the building, and we held that the failure of the court to define the exact amount or extent of the land necessary for the convenient use of the structure did not invalidate the decree that the purchaser would acquire only the land covered by the building. The land actually occupied by the building is necessarily subject to the lien, and it is only where the plaintiff claims that more than that is required for its use and occupation, that he must make averments therefor. (*Willamette S. M. Co.* v. *Kremer*, 94 Cal. 205.) There is nothing in the record in this case to show that the land described in the decree is greater in extent than that covered by the building. We have to assume that it is not. Every presumption must be indulged in favor of the judgment.

Judgment affirmed.

HARRISON, J., and GAROUTTE, J., concurred.