## HAWKINS et al. v. MOREHEAD et al.

### No. 18,129; September 13, 1893.

#### 34 Pac. 223.

**Appeal—Record.**—The Sufficiency of Testimony Contained in a transcript on appeal, unaccompanied by a certificate that it was given or is correctly stated, will not be considered.

APPEAL from Superior Court, Butte County; John C. Gray, Judge.

Action by William Hawkins and others against A. A. Morehead and others. From a judgment for defendant Morehead, plaintiffs appeal. Affirmed.

Wm. H. Schooler for appellants; Park Henshaw for respondents.

BELCHER, C.—This is an action to recover the value of certain materials furnished by the plaintiffs to the defendant Stauffer, and by him used in the construction of a house for the defendant Morehead, upon a lot of land owned by her, and to enforce a lien therefor on the said house and lot. The court below found, among other things: "That the amount agreed to be paid said contractor, Stauffer, for the erection of said house, was less than one thousand dollars; that defendant Morehead had paid Stauffer in full when the said claim of lien was filed, and that there was nothing due or owing to said Stauffer at said date; that no written notice

of any kind was given said Morehead by plaintiffs that they had furnished material or labor, either or both, to said Stauffer for said building; that said building was completed and occupied by a tenant on the third day of October, 1891, and that more than thirty days had elapsed after the completion of said contract and building before plaintiffs filed for record with the county recorder their claim of lien.'' And as conclusions of law the court found that plaintiffs were entitled to a judgment against Stauffer for the amount demanded, but were not entitled to have the same enforced as a lien on the said premises. Judgment was accordingly entered that the plaintiffs take nothing against defendant Morehead, and that she recover from them her costs. From this judgment in favor of defendant Morehead plaintiffs have appealed, and the case is brought here without any statement or bill of exceptions. The transcript contains nearly fifty pages of printed matter, purporting to be testimony given at the trial, but not accompanied by any certificate that it was in fact given, or is correctly stated.

It is argued for appellants that the findings were not justified by the evidence, and in support of this position numerous references are made to the testimony found in the transcript. The trouble with this argument is that the supposed testimony cannot be looked at or regarded here for any purpose. The rule has been too long settled to admit of discussion that the question of the sufficiency of the evidence to justify the verdict or decision can only be considered on appeal when the evidence is brought up in a statement or bill of exceptions, properly certified. The only question then left to be determined is, Does the judgment-roll show error? We do not think it does. The findings follow the pleadings, and fully support the judgment: See Kerckhoff-Cuzner Mill & Lumber Co. v. Cummings, 86 Cal. 22, 24 Pac. 814. We advise that the judgment be affirmed.

We concur: Temple, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.