No. 12,697.

Mrs. Genie Layton, Tutrix, vs. Mayor and City Council of Monroe, La., et als.

Under the Act No. 105 of 1892, providing for the annexation of adjacent lands to the area of incorporated towns or cities, the council of the city has no power to order the election preliminary to any proposed enlargement of the city limits, unless the petition for annexation is before the council from one-third in number and value of the property owners residing within the territory proposed to be added to the city or town.

The owner of property within the area to be added to the town or city has the right to enjoin the execution of the ordinance of the council directing the election prescribed by the statute, when the ordinance is adopted without the fulfilment of the conditions exacted by the Act No. 105 of 1892 as requisite to authorize the ordinance and election.

APPEAL from Fifth Judicial District Court for the Parish of Ouachita. *Potts, J.*

---

*Stubbs & Russell* for Plaintiff, Appellant.

*Thos. O. Benton,* City Attorney (*Percy Roberts & Boatner* of Counsel), for Defendants, Appellees.

Argued and submitted January 13, 1898.
Opinion handed down January 24, 1898.

The opinion of the court was delivered by

MILLER, J.   The plaintiff as the owner of property in the parish of Ouachita seeks to enjoin the execution of an ordinance of the council of Monroe proposing the extension of the corporate limits of Monroe so as to embrace the property of petitioner, and from the judgment dissolving the injunction plaintiff appeals.

The petition in substance avers that plaintiff's children are owners of property in the parish, part in use as the plantation and part plotted, or laid off into squares; that the plantation is entirely beyond the city limits, as is a portion of the land laid off in squares, and that there are no other owners residing on the plantation besides petitioner and her children; that the plantation has well-defined limits, is separate from the property laid off into squares, lies in different sections and is not contiguous to Monroe.   The petition goes on to aver the presentation of a petition to the mayor and council of Monroe for the extension of the city so as to add thereto the property of petitioner; that the petition was not signed by one-third in number and value of the owners of property sought to be annexed, but, in point of fact, the signers did not represent one-tenth of the property, and many signatures were affixed to the petition by unauthorized persons; that on this petition the council has ordered an election to determine whether the land should be annexed, to be held by the qualified electors, and has fixed the date of the election and appointed the commissioners pretending to act under the Act No. 105 of 1892; the petitioner charges that her property not contiguous to Monroe is not within the parview of the act if constitutional, that the act makes no provision for determining whether the petition is signed by the owners in number and value required by the statute, and it is charged that the council acted on the assumption not in accordance with the fact, that the petition was properly signed; it is charged that the proposed annexation of petitioner's property will

impose burdens on the owners with no corresponding benefits; that illegal and unconstitutional taxes will be levied, and there is the averment of the resulting irreparable injury and the necessity for the injunction to restrain the holding of the election and the enforcement of the ordinance. The defendants excepted that the action of the mayor and council on the petition was final; that the ordering the election was the exercise of legislative power, not reviewable by the courts; that the Act No. 105 of 1892 is constitutional, and the courts can not obstruct, interfere with, or review the execution of the act. The case comes here on the question raised by the exceptions.

The Act No. 105 of 1892 provides that property adjacent to any city or town may be brought within the corporate limits, in compliance with the requisites carefully prescribed by the act. There is required (1) the petition of one-third of the *bona fide* owners in number and value of the property within the limits of the proposed addition, to the mayor and council of the city or town, the limits of which are to be extended by taking in the land described in the petition; thereupon the council is to ascertain by successive elections the sense of the voters within the proposed addition, and of the voters of the city, the area of which it is designed to be enlarged, with reference to the annexation of territory proposed, and if the vote at such election is favorable on the proposition submitted, the annexation is to be deemed accomplished.

The defendants direct attention to the principle that exempts legislative bodies from judicial control. The action of the council in this case is completed in respect to ordering the election. If that action is *ultra vires* the execution of the ordinance may be resisted by the citizen, or, at least, by the taxpayer whose interests are affected. 1 High on Injunctions, Sec. 1241; 1 Dillon Municipal Corporations, Sec. 1246, notes at foot. Again, it is urged the suit is premature, and reference is made in this connection to Roudanez vs. The Mayor and Administrators of the City of New Orleans, 29 An. 271; State *ex rel.* Behan vs. Judge, 32 An. 1276. The election now ordered by the council followed by another, and that by the proclamation of the result, is all the statute requires to complete the annexation, if the basis to authorize the action of the council exists. Act No. 105 of 1892, No. 1, Secs. 3, 7, 10. Irrespective of the question discussed in the text-books, and decisions of the right of the taxpayer

after the annexation proceedings are completed to contest the taxes levied on the property brought within the city limits, we think in a case of this character of action charged to be wholly *ultra vires,* the taxpayer need not wait until the injury from such action is consummated, so far as respects the action of the council.   2 High on Injunction, Sec. 1241.   Further, the defendants insist that ordering this election belongs to that class of mere ministerial duties no injunction can control.   The power of the council, the exercise of which is dependent on a well defined condition is a ministerial duty, if the condition is fulfilled, but if not there is no power to do the act in question.   Our attention is also directed to our decision, that it is not for public officials charged with simple ministerial duties to originate objections and refuse performance of such duties.   State *ex rel.* Reynolds & Henry Construction Co. vs. Mayor and Council, 46 An. 1278; Reynolds & Henry Construction Co. vs. The Mayor and City Council of Monroe, 47 An. 1289.   It seems to us that the right of the taxpayer to resist an illegal ordinance injurious to his interests is not to be tested by the principle that makes ministerial duty imperative on the public body or official.

It is the legislative province exclusively to incorporate cities or extend their limits, and the citizen must submit, however impolitic or oppressive he may deem the legislative act, although there is an intimation in the authorities that in exceptional cases the judicial control is not even excluded by legislative action incorporating or enlarging the limits of cities.   1 High on Injunction, Sec. 547; Cooley on Taxation, p. 119; 75 Ill. 152; 59 Ind. 225; Laramie County vs. Albany County *et al.,* 92 U. S. 307.   The defendants insist that the ordinance of the council ordering this election is as much beyond question as would be the act of direct legislation of the General Assembly extending the limits of Monroe if special legislation were not prohibited.   The legislative power over the subject, when capable of being exerted by special legislation incorporating or enlarging the area of cities or towns, is plenary.   The Legislature has not undertaken to convey this power to city councils, if, indeed, any such transfer of a legislative function were possible.   This act of 1892 confers on the councils of cities or towns the limited function of ascertaining by successive elections the sense of the qualified electors in reference to any proposed enlargement of the city or limits, and, when that sense is ascertained, the

council is to announce the result. Before these functions of the council are called into exercise there must be the petition for the proposed annexation by one-third in number and value of the property owners within the area to be added to the city or town. The petition in this case contains the distinct averment that no such petition was filed, and under this form of controversy that averment is to be taken as true. If the contention of defendant is maintained practically, the council can order the election on any kind of petition, or, indeed, without any petition. Yet to order the election without that petition the statute prescribes, is simply a usurpation of power. It is claimed the council is made the sole judge of the sufficiency of the petition. There is no room for the judgment of the council as to the requisites of the petition, defined as they are with precision by the statute. The argument for the defendant in its effect converts a limited function of the council into an unqualified and unlimited power to order elections for the annexation of territory to incorporated towns, and strips the taxpayer of all right to relief when the council transcends its power. The limitation that no annexation shall take place, and no election by the qualified electors shall be ordered, unless the property holders, one-third in number residing in the district to be added and representing that portion of value, shall first petition for such annexation, is placed in this act of 1892 for the protection of the property owners. In our view, the council in exercising the delegated power under this act of 1892, must observe the condition accompanying that power, and that the taxpayer, in whose interest as well as for the public good the condition is imposed, has the right of appeal to the courts against the action of the council injurious to his rights, and violative of the legislative act, source and measure of the power of the council. See 1 High on Injunction, Sec. 541, citing 58 Ind. 480; 55 Ind. 576.

We omit expressing any opinion on the questions arising on the merits as the contiguity of the property to be added, or on other questions raised by the exception and discussed in argument. We decide that the plaintiff has the right to be heard on the allegations in his petition.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, the exceptions be and they are hereby overruled and that the case proceed to trial on the merits, and that defendants pay costs.