[Civ. No. 63.  Second Appellate District.—October 24, 1905.]

# W. D. NEWELL, Respondent, v. WILLIAM BRILL, Appellant.

MECHANICS' LIENS—FORECLOSURE—CONTRACT—CLAIM OF LIEN—PLEADING—IMMATERIAL VARIANCE.—Under a contract providing that the contractors would do the ''gas-fitting and plumbing'' in the building for $614, where the complaint foreclosing a lien therefor alleged that the contractors ''agreed to do all of the work and furnish all the materials necessary to complete the plumbing work in said building, according to the plans agreed upon between said parties,'' for an agreed price of $614, and the claim of lien accorded with the complaint, there was no fatal variance between the contract on the one hand, and the claim of lien and complaint on the other, as no person could be misled by the omission of the word ''gas-fitting'' in the claim of lien.

ID.—CONSTRUCTION OF LIEN LAW.—The mechanic's lien law is remedial, and should be liberally construed with a view to effect its objects and to promote justice.

ID.—EXTRA WORK AND MATERIALS—AMENDMENT OBVIATING VARIANCE.—Where, at the trial, the complaint which made a claim for ''extra work and materials'' was amended by striking out the reference to ''extra materials,'' of which there was no proof, and nothing was allowed on account of ''extra materials,'' a variance complained of in reference to ''extra materials,'' is without force.

ID.—ITEM FOR EXTRA WORK—CERTAINTY.—An item for extra work which the complaint, as well as the evidence and findings, shows was done on the building at the request of the owner by the contractors and that the owner agreed to pay for the same, and which the claim of lien, taken as a whole, shows was done for the owner by the contractors, is not uncertain as to the persons by whom and for whom the extra work was done.

ID.—ASSIGNMENT OF CLAIM OF LIEN—PLEADING—DENIAL PREGNANT WITH ADMISSIONS—EVIDENCE.—Where the complaint alleged the assignment to plaintiff of a claim of lien, and the ownership thereof by plaintiff, and the denial of the answer was pregnant with an admission of these allegations, it was unnecessary to produce any evidence on the subject of the assignment.

ID.—DESCRIPTION OF PROPERTY—HOUSE—LAND NECESSARY FOR OCCUPATION.—Where the house, chargeable with the lien, was accurately described, the judgment directing the sale thereof and the land on which it is situated, will not be reversed because it does not appear how much land is necessary for its occupation.

ID.—DESCRIPTION OF LOT—REFERENCE TO CLAIM OF LIEN—SUFFICIENCY OF COMPLAINT.—Where the claim of lien contains an accurate description of the lot ''together with the building thereon'' upon

which the lien is claimed, reference may be had thereto to obviate uncertainty in other directions; and where the complaint alleges that the claim of lien contains a description of the property sufficient for identification, which allegation is borne out by the inspection of the claim of lien referred to, the complaint is sufficient in the matter of description.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

W. C. Batcheller, for Appellant.

Jones & Weller, for Respondent.

GRAY, P. J.—The plaintiff had judgment herein foreclosing a mechanic's lien, and the defendant appeals from the same and from an order denying him a new trial.

1. The contract of plaintiff's assignors, Newell Bros., provided that the firm would do the gas-fitting and the plumbing in the building for $614. The complaint alleges that the Newell Bros. "agreed to do all of the work and furnish all materials necessary to complete the plumbing work in said building, according to the plans agreed upon between said parties," for an agreed price of $614. The claim of lien recited that the work and materials necessary to do the plumbing work were to be done and furnished, "according to the plans and specifications agreed upon between said claimants and said William Brill," for $614. It is claimed that there was a material variance between the agreement above quoted on the one hand, and the claim of lien and the complaint on the other. We do not think this claim should be upheld. The mechanic's lien law is remedial, and should be liberally construed, with a "view to effect its objects and to promote justice." (Code Civ. Proc., sec. 4.) It may be true that the business of a gas-fitter is something separate and distinct from that of a plumber, and yet it must be admitted that there is a close kinship between the two occupations, so close, in fact, that in reading the complaint, and also the claim of lien, and noting that they both fix the price of the work and materials used in the plumbing at exactly the same figure that both the plumbing and the gas-fitting were to be done for under the

terms of the contract, and that one firm was doing the whole
of this work, it would be difficult to think otherwise than
that the word "plumbing," as used in the lien and com-
plaint, was intended to embrace all the work and materials
mentioned in the contract. We do not think any person was,
or could be, misled by the omission of the word "gas-fitting,"
and therefore are of opinion that this did not constitute a
fatal variance, but that there was a substantial compliance
with that part of section 1187 of the Code of Civil Procedure,
which requires in the claim of lien "a statement of the terms,
time given and conditions of his contract."

2. Nor is there any material variance between the allega-
tions of the complaint and lien, on the one hand, and the con-
tract, on the other, in respect to the extra work and mate-
rials to be furnished. At the trial the complaint was amended
by striking out the reference to "other materials." This
was done, apparently, for the reason that there was no evi-
dence of any "extra materials" having been furnished. As
nothing was allowed in this connection on account of extra
materials, and as the variance complained of related only to
those extra materials, we can see no force in appellant's com-
plaint in this regard.

3. The objection that the $21.84 item might have been
furnished by some one other than Newell Bros. to some one
other than Brill, so far as the allegations of the claim of
lien show, is without merit. The allegations of the com-
plaint, as well as the evidence and findings, are to the ef-
fect that this extra work was done on the building at the
request of Brill by the Newell Bros., and that Brill agreed
to pay for the same. Reading the whole claim of lien to-
gether, it is apparent from it, also, that this extra work was
done for Brill by plaintiff's assignors, and that is all that
is necessary. The case in this respect is unlike the case of
*Madera Flume Co.* v. *Kendall,* 120 Cal. 182, 65 Am. St. Rep.
177, [52 Pac. 304]. In that case the claim entirely failed to
state the name of the person from whom the materials were
furnished, and it was held that section 1187 of the Code of
Civil Procedure, requiring such statement, was not complied
with; but here the claim reads as follows: "That thereaf-
ter, . . . and during the progress of said work under said
contracts, the said William Brill ordered certain extra work,
and agreed to pay therefor the reasonable value of the ma-

terials furnished and labor performed; that the reasonable value of said labor and materials so done and furnished was and is the sum of $21.84.'' It is reasonably plain that the above expression ''so done and furnished'' means done and furnished in accordance with the order and agreement of William Brill previously referred to, and from this the ''name of the party'' for and to whom it was furnished appears.

4. The attempted denial, in the answer, of the assignment to and ownership of the claim in plaintiff is pregnant with an admission of those facts, and it was unnecessary, therefore, to introduce any evidence on the subject of the assignment.

5. It is claimed that there is an uncertainty of description in the complaint as to the property sought to be charged with the lien, and that the property convenient for the use and occupation of the house is not designated. The house is certainly described, and the case should not be reversed because it does not appear how much land is necessary for its occupation. (*Sidlinger* v. *Kerkow,* 82 Cal. 45, [22 Pac. 932].) The decree directs the sale only of the building and the land on which it is situated. (*Sachse* v. *Auburn,* 95 Cal. 651, [30 Pac. 800].) Besides, the claim of lien contains an accurate description of the lot, ''together with the building thereon,'' upon which the lien is claimed, and a reference to this may be had to obviate uncertainty in other directions. It is alleged in the complaint that the claim of lien contains a description of the property sufficient for identification, and this allegation is borne out by an inspection of the claim referred to. The complaint was therefore sufficient in the matter of description.

Some other objections are urged, but after examination, we consider them of not sufficient importance to warrant a discussion.

The judgment and order appealed from are affirmed.

Smith, J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 23, 1905, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on December 22, 1905.