PROVOSTY, J.
[1] The city of Gretna was incorporated under the provisions of Act 136, p. 224, of. 1898, which is the general statute providing for the incorporation of municipalities.
This statute authorizes the municipality incorporated under its provisions to levy taxes, and requires them to be levied on the basis of the parish assessment, and to be collected by the parish tax collector at the time and in the manner provided by law for state and parish taxes. It fixes September of each year as the date on which the levy should be made.
The city of Gretna was incorporated on May 17, 1913, and its government was organized a few days thereafter, on May 24th. Its board of aldermen at its September meeting levied a tax of 10 mills, and in the present consolidated suits that tax is enjoined on the ground that the town, having been organized after the 1st of January, 1913, could not levy a tax for that year.
The contention is that in this state all taxes must be levied for the calendar year, and as of the 1st of January, and that as the city of Gretna was not in existence on the 1st of January, 1913, it cannot levy taxes for the year 1913.
The Constitution nowhere demies to the Legislature the power to authorize a municipality to levy taxes at the date of the organization of its government, or to levy them at some fixed date following the date of its organization; and, in the absence of constitutional limitation, the Legislature has plenary power; and it has, in this case, authorized the city of Gretna to levy taxes in September of each year. The only constitutional limitation upon the legislative delegation of the power of taxation to municipalities is that the taxes shall not exceed 10 mills for any one year. If, therefore, the contention be well founded that taxes can be levied only for the entire calendar year, the consequence is that the municipality authorized to levy taxes at the date of its organization is authorized to levy them for the en *1077 tire calendar year, not that it is powerless to levy them at all, and that the legislative authority to do so must go for naught. Any other conclusion would be in effect a denial of the power of the Legislature to authorize a municipality to levy taxes from the date of its organization. And this would, in part, be a denial of the power of the Legislature to set the municipal government in motion otherwise than coincidently with a certain date, the date upon which taxes might be levied; for taxes are the lubricant without which the wheels of government cannot move. We do not find in the Constitution any such limitation upon the powers of the Legislature, and hence the legislative authority to the city of Gretna to levy taxes in September of each year must be given the same effect as is due to all other valid legislative enactments.
It is said that thereby the property within the limits of the city of Gretna would be made to pay taxes for a part of the year during which it did not have the benefit of the protection of the government of that city, and that this would be inequitable, irregular, and illegal. The answer to this is that the mere equity of the matter must yield to the clearly expressed legislative will, and that nothing is irregular or illegal that is authorized by a valid statute.
The principle that protection and taxation go together, while it underlies, in a general way, the theory of our system of taxation, does not stand as an obstacle to the Legislature levying such taxes and at such times as the public exigency may require. That property which has not received the slightest protection is made to pay taxes is a matter of everyday experience. Cooley, Taxation (2d Ed.) p. 3. In Citizens’ Bank v. Board of Assessors, 129 La. 1091, 57 South. 528, 38 L. R. A. (N. S.) 1157, property which up to the 6th of February, 1911, had been exempt from taxation, was made to pay taxes for the entire year 1911.
We know of no constitutional or statutory provision requiring that the authority levying the tax for any given year must have been in existence on the 1st of January of that year. There is a law requiring the assessment to be made as of that date. Bunkie Brickworks v. Police Jury, 113 La. 1062, 37 South. 970; Railroad Co. v. State Board of Appraisers, 133 La. 674, 63 South. 262. But the making of the assessment roll and the levy of the tax are two different things. After an assessment has been made it may serve as the basis for dozens of different taxes, levied at various times, and our assessment rolls do, as a matter of fact, serve in that way. No one, we imagine, would contend that, in the absence of any constitutional limitation, the Legislature could not levy a tax in December on the basis of the assessment of the year then about to end. And why may it not authorize a municipality to do the same thing, if in its judgment the public exigency requires it. And, of course, where it has conferred such authority, the presumption of the public exigency having required it is juris et de jure.
The ease of City of New Iberia v. Police Jury, 135 La. 769, 66 South. 193, relied upon by plaintiffs, involved simply a question of assessment. The court said:
“For the purpose of assessment, the status of property is to be taken as of date the 1st of January of the .year in which the assessment is to be made.”
And the court quoted the eases of Bunkie Brickworks v. Police Jury, 113 La. 1062, 37 South. 970, and Insurance Co. v. Board of Assessors, 49 La. Ann. 401, 21 South. 913, which involved simply and purely a question of assessment. In this New Iberia Case the police jury of Iberia parish sought to assess, as being within the parish, property which on the 1st of January had been within the corporate limits of the city of New Iberia, and was exempt from parish taxation, and the court held that the question of whether the *1079 property was within or without the limits of the city had to be determined as of the 1st of January.
The facts were that the property in question had been inadvertently left out of the prescribed limits of the city in amending the charter, and had been reincluded by a second amendment, so that for a part of the year it was out of the limits of the city. Por a part of the year therefore, it did not receive the protection of the government of the city, and yet, as an effect of the decision, it was allowed to be taxed by the city for the entire year, both for the time when it did not have the protection of the government of the city and for the rest of the year. So that the decision, in its facts and effect, is, if anything, against the position taken by plaintiffs in the instant case, — that property within a municipality cannot be taxed by the municipality for the entire year unless it has been within the municipality and received the protection of its government for the entire year.
It is said that the territory within the limits of the city of Gretna was under the jurisdiction of the police jury of the parish of Jefferson on the 1st of January, 1913, and that, therefore, taxes upon this territory for the year 1913 could be validly levied only by that body.
This is a non sequitur. In the first place, after an assessment has been made, there is nothing, as already stated, to prevent the Legislature from authorizing the levy at any time of a tax based upon it, and, in the second place, the fact that the police jury of Jefferson was authorized to levy a tax upon this territory would not, in any way, preclude the city of Gretna from levying a tax of its own.
[2] The plaintiffs in injunction seek to contest the tax on the ground also of the unconstitutionality of the law under which the city of Gretna was organized; but this they have no standing for doing.
“Where the municipal corporation is acting in color of law and its existence is not questioned by the state, it cannot be collaterally drawn in question by private parties; and the rule is not different although the Constitution may prescribe the manner of incorporation.” Dillon on Municipal Corporations (5th Ed.) p. 121; Shapleigh v. San Angelo, 167 U. S. 646, 655, 17 Sup. Ct. 957, 42 L. Ed. 310; Tulare Irrig. District v. Shepard, 185 U. S. 18, 22 Sup. Ct. 531, 46 L. Ed. 773; The C. Vanderbilt (D. C.) 86 Fed. 793; Sachse v. Auburn, 95 Cal. 651, 30 Pac. 800; Kettering v. Jacksonville, 50 Ill. 39; Worley v. Harris, 82 Ind. 493; Mendenhall v. Burton, 42 Kan. 570, 22 Pac. 558; Inhabitants of Town of Fredericktown v. Fox, 84 Mo. 65; Allen v. Hiles, 67 N. J. Law, 138, 50 Atl. 440; Graham v. City of Greenville, 67 Tex. 62, 2 S. W. 742; Cooley on Constitutional Limitations, pp. 180 and 254.
“The constitutionality of Act No. 49 of 1882, providing the method of creating municipal corporations, and the organization of the municipal corporation under the act, cannot be attacked collaterally by the defendant, resisting a tax claimed by the corporation.” Chicago, etc., Ry. v. Town of Kentwood, 49 La. Ann. 931, 22 South. 192.
The judgment appealed from is therefore set aside and the suits of these plaintiffs are dismissed, at their cost.
O’NEILL, J., being of the opinion that the city of Gretna, not being incorporated until the month of May, 1913, could not levy municipal taxes for that year, respectfully dissents.