ST. PAUL, J.
 

 The village of Krotz Springs was duly incorporated under the General Municipal Corporation Law, Act 136 of 1898, p. 224; the proclamation by the Governor to that effect having been issued on January 6, 1917. Its area was then about 1,200 acres.
 

 Just 31 days thereafter, to wit, on February 6, 1917, the village council passed an ordinance extending the city limits so as to include about 6,000 acres additional, of which some 3,500 acres were cypress swamps belonging to plaintiff.
 

 When the village sought to collect a tax from plaintiff, he promptly enjoined the collection on the ground inter alia that the ordinance had never been promulgated in the manner provided by law, and was therefore not in force; the fact being that the ordinance was only
 
 posted/
 
 in three public places in said village, as required by section 3 of said act, but was not
 
 published,
 
 for three weeks in some newspaper of the village, nor in a newspaper having general circulation therein, as also required by the same section 3 before said ordinance can become operative, and during which
 
 time
 
 such ordinance may be objected to by any party interested.
 

 I.
 

 The contention of the defendant is that this is a
 
 collateral
 
 attack upon said ordinance, and hence upon the organization of said village; the authorities being conflicting as to whether such an attack be collateral or direct, permissible or not permissible. See Soniat v. White, 155 La. 290, 99 So. 223, and M. L. & T. R. R. & S. S. Co. v. White, 136 La. 1079, 68 So. 130; and see contra, Dees v. City of Lake Charles, 50 La. Ann. 357, 23 So. 382, and Layton v. Mayor and Council of Monroe, 50 La. Ann. 121, 23 So. 99.
 

 But be that as it may, the attack here made upon the attempt to collect the tax, and now being considered, is not an attack upon the ordinance at all. It is simply an attack upon the right of the tax collector to proceed under the ordinance on the ground that said ordinance, whether valid or invalid, is not operative because not yet promulgated.
 

 II.
 

 In this case the question whether said ordinance be valid or invalid, reasonable or unreasonable, can arise as a question for judicial determination, only when said ordinance shall have been duly promulgated in compliance with section 3 aforesaid, and complaint thereof shall have been made in the manner provided for in section 4.
 

 But manifestly a public officer cannot proceed to act upon an ordinance, even though valid, before that ordinance becomes operative by due promulgation when promulgation is required by law; and, if he attempts to do so, he should be enjoined.
 

 Hence the only question now pertinent is whether said ordinance has been duly promulgated as required by law, and it be now too late to complain of it, or whether said ordinance has not been promulgated as required by law, and is therefore as yet not operative.
 

 III.
 

 Our conclusion is that the ordinance has not been promulgated as required by section 3’ aforesaid, which requires both a posting
 
 and
 
 a publication when the proposition is to enlarge or'contract the corporate limits. The section is perfectly clear to that effect; and there is no authority for dispensing with such publication in certain cases as may be done with ordinances on other subjects. See section 33. Hence Village
 
 *1069
 
 of South Highlands v. Lagier, 156 La. 155, 100 So. 287, has no application here.
 

 IV.
 

 For the rest it may be that the trial judge should not have issued an injunction without first issuing a rule to show cause, but that was a mere irregularity, and it is well settled that an injunction will not be dissolved when it is apparent that another injunction could issue forthwith.
 

 V.
 

 There is no merit in the plea that plaintiff is estopped from denying the extension of defendant’s corporate limits, because a corporation (in which plaintiff was a stockholder) accepted an ordinance permitting it to raft logs “within the corporate limits of said village,” for that is simply begging the question how far said corporate limits extend.
 

 Nor does it signify, as showing that plaintiff is without interest in this controversy, that the aforesaid corporation is obligated to pay all plaintiff’s taxes for a certain term. There are other obligations besides that of paying taxes which may result from plaintiff’s property being converted from rural into urban property.
 

 VI.
 

 As all the foregoing appears on the face of the petition and answer, the trial judge clid not err when he disposed of the case on a rule for judgment under the Practice Act (Act No. 300 of 1914). But we think the trial judge went too far when, in addition to perpetuating the injunction against the collection of the taxes, he also declared the ordinance for enlarging the village limits “illegal, unconstitutional, ultra vires, null, void and of no effect,” and directed that said ordinance be “rescinded, annulled,- and set aside, and ordered erased from the records ' of, said village and of the recorder’s office of the parish of St. Landry.” That question, as we have said, does not arise until said ordinance shall have been duly published according to law, and “appealed from (sic)” within the delays provided for in section 4 of the Act of 1898, No.' 136.
 

 Decree.
 

 It is therefore ordered that the judgment appealed from be amended by striking therefrom all that part thereof declaring Ordinance No. 6 of the village of
 
 Kvotz
 
 Springs null and void, and setting the same aside, etc., but without prejudice to plaintiff’s right to contest the validity of said ordinance when and if published according to law, and that, as thus amended, and in so far as said judgment perpetuates the injunction herein issued and prohibits the assessment, levy, and collection of taxes upon -plaintiff’s property outside the original limits of said village, said judgment be, and it is hereby, affirmed; plaintiff to pay the costs of this appeal, and defendant to pay the costs of the court below.