Dear Mr. Cornett:
You requested an opinion from this office regarding Sewer District Number 1 of the Town of Urania. You enclosed copies of the ordinance creating the sewer district enacted in 1972 as well as two propositions passed by the electorate of the Town of Urania authorizing the issuance of general obligation and revenue bonds to pay for the construction of the sewer system.
You indicated that a subdivision is located in the Town of Urania where several houses have been constructed to which the sewer system is not available. The owners of those houses have requested that the Board of Aldermen consider exempting them from the payment of the taxes assessed on their properties for Sewer District Number 1.
Specifically, you asked "can the Town of Urania legally exempt various property owners from the payment of the taxes assessed on their properties for Sewer District Number 1 of the Town of Urania when these property owners do not have access to the sewerage system?"
The taxpayers you describe should only be paying that portion of the tax which is attributable to the general obligation bonds issued for the construction of the sewer system.
General obligation bonds are secured by the full faith and credit of the political subdivision issuing the bonds. The governing authority of the issuing political subdivision shall levy and collect on all taxable property in the political subdivision ad valorem taxes sufficient to pay principal and interest and redemption premiums, if any, on such bonds as they mature. La. Const. Art. VI, § 33.
Thus, even those properties which do not receive the benefit of the sewer system are required to pay the taxes assessed in an amount sufficient to pay debt services for the general obligation bonds.
Property may be taxed although it receives no benefit from the taxes. The principle that protection and taxation go together, while it underlies in a general way the theory of our system of taxation, does not stand as an obstacle to the levy of taxes at such times as the public exigency may require. That property which has not received the slightest protection is made to pay taxes is a matter of everyday experience. Morgan's Louisiana T.R.R. S.S. Co. v. White, 136 La. 1074, 68 So. 130
(1915). See McQuillan, Municipal Corporations, § 44.47.
In Judice v. Village of Scott, 168 La. 111, 121 So. 592
(1929) the court found that taxes to be imposed to pay the debt service of general obligation bonds issued for the purpose of paving and improving the sidewalks were "to be regarded as a tax imposed for the benefit and general welfare of the parish, municipality, or district, to which all of the taxable property within its limits may be lawfully subjected, without regard to benefits, positive or relative, conferred or not conferred, upon lands of particular persons. Williams Cypress Co. v. Martin, Sheriff, 144 La. 767, 81 So. 307; Hulin v. Road Dist. No. 4,165 La. 443, 115 So. 650.
However, as to the revenue bonds, which are secured by the income and revenues derived from the operation of the system, the governing authority may impose a service charge against the owners of the real property, in an amount sufficient to operate and maintain the utility and to pay the debt service on the bonds. However, "(n)o charge shall be made against the owner of any property which is not benefitted by the utility. R.S.33:4261. Therefore, no assessment should be made against those properties not having access to the sewer system.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav 2771m