Dear Mr. Domingue:
You have requested an opinion of the Attorney General relating to the applicability of municipal taxes to property which has been annexed to the City of Lafayette (City).
It is my understanding from your letter and our telephone conversation of December 22, 1992, that the subject property was annexed on June 15, 1992. Municipal taxes were assessed by the City in October of 1992. You state that the property owners of the territory annexed have requested you to prorate their taxes due to the fact that they were part of the City for only half of the year.
In answer to your question, I direct your attention to LSA-R.S.33:179. It provides:
"§ 179. Rights of residents and owners of included territory
 Where the corporate limits of municipalities have been extended or enlarged as hereinabove provided, the annexed territory, the inhabitants thereof, and the owners of property therein shall enjoy as to themselves and their property all the rights, immunities, and privileges granted and enjoyed by the citizens of the municipality to which the territory has been annexed."
As can be gleaned from the above, persons living within an area annexed to a municipality enjoy the same rights and privileges enjoyed by citizens of the municipality to which the territory is annexed. Although not specifically stated, it is well-settled that the inhabitants of the annexed territory are subject to the same duties and obligations imposed on other citizens of the municipality, including the payment of property taxes.
In the case of Morgan's Louisiana and T.R.R. and S.S. Co. v. White, et al, 136 La. 1074, 68 So. 130, the Supreme Court held that the fact that the City of Gretna was not incorporated until May 17, 1913, did not prevent it from levying a tax for the year 1913, even though on January 1st of that year the City did not exist.
Since property annexed to the City immediately becomes, by law, subject to all rights, privileges and obligations granted under the City's charter, just as though the property had been included in the original municipal corporation, we are of the opinion that the property annexed to the City can properly be assessed for municipal tax purposes for the entire 1992 year. Pursuant to your request, I have attached a copy of Attorney General Opinion 83-272 which is consistent with the opinion expressed herein.
Trusting this information adequately addresses your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI:ROB3:jv 0039R