Dear Mayor Grace:
You have requested an opinion of the Attorney General regarding the collection of municipal annual ad valorem taxes and the clarification of the boundaries of the newly created Town of St. Gabriel (Town).
You state that the Town was created on August 29, 1994. Pursuant to Article VI, Section 27(A) and R.S. 33:2801, the Mayor and Board of Aldermen of the Town, by resolution adopted on October 6, 1994, levied an annual seven mill ad valorem tax for general purposes. You ask whether the Town may levy the tax for the entire 1994 calendar year or must the tax be levied only for that portion of the calendar year that the Town was in existence.
This identical issue was considered by the Louisiana Supreme Court in the case of Morgan's Louisiana and T.R.R and S.S.Co. v. White, et al., 136 La. 1074, 68 So. 130 (1915) Rehearing Denied. Therein, the Supreme Court held that the fact that the City of Gretna was not incorporated until May 17, 1913, did not prevent it from levying a tax for the entire calendar year of 1913, even though on January 1st of that year, the City did not exist.
Therefore, and in answer to your first question, it is the opinion of this office that the Town of St. Gabriel may levy its seven mill tax for the entire 1994 calendar year even though it only came into existence on August 29, 1994.
Your second question pertains to the clarification of certain boundaries of the Town. You state that the petition proposing the incorporation of the Town contains a legal description. However, the Iberville Parish Assessor has requested a more detailed description of certain portions of the boundaries contained therein. You ask whether the clarification of the Town's boundaries necessitate that another petition be filed and special election be held under R.S. 33:1, at seq.
A review of the statutory provisions relating to the incorporation of a designated area, as well as the laws regulating the extension or contraction of existing corporate limits, reveals no provisions establishing a procedure for a "clarification" of existing boundaries. R.S. 33:151 through 161 authorize the extension of corporate limits by means of petition and election. R.S. 33:171 through 179 authorize the extension or contraction of corporate limits of a municipality by means of petition and ordinance. Section 173 provides that an ordinance enlarging the boundaries of a municipality shall not become operative until thirty (30) days after it has been published in a newspaper having general circulation.
However, the issue presented in your request deals not with an extension or contraction of corporate limits, but rather the mere defining of already existing boundaries. The Town proposes a procedure whereby it will provide notice of the enactment of a boundary clarification ordinance to interested citizens by publishing the proposed ordinance further defining the boundaries of the Town in the official journal. The Town would then enact the ordinance after publication of same at least twice within two weeks prior to the meeting of the Board at which the ordinance would be considered. A public hearing with respect the said ordinance would be held prior to the adoption thereof by the Board of Aldermen.
We see no legal impediment to the procedures you have outlined hereinabove for the clarification of the Town's boundaries. With regard to the actual adoption of the ordinance in question, I refer you to R.S. 33:406(B), a copy which is enclosed for your reference and convenience. Care should be taken to follow this provision in adopting your ordinance.
In the event the "clarification" actually results in an extension or contraction of the Town's boundaries as contained in the legal description appearing in the petition to incorporate, the Town would obviously be required to follow the statutory provisions referred to hereinabove relating to the extension or contraction of corporate limits.
Should you have any additional questions concerning these matters, please do not hesitate to contact us.
With kindest regards, I remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe