Dear Mr. Burmaster:
You have requested an opinion of the Attorney General regarding the levy and collection of an ad valorem tax levied by a local taxing district for its operational expenses. The subject tax will be placed before the electorate in April, 1997. You specifically ask whether the proposed tax, if adopted by the electorate, could be collected for the entire calendar year of 1997.
In answer to your question, we refer you to R.S. 47:2101 (A)(1) which provides, in pertinent part, the following:
 "All taxes shall be collected in the calendar year in which the assessment thereof is made, and they shall be designated as the `taxes for the year 19 __', accordingly as they are collectible, and the taxes assessed in each year shall be due in that calendar year as soon as the tax roll is filed in the office of the recorder of mortgages. . . ."
R.S. 47:1993 (D) requires tax assessors to complete and file the parish tax roll on or before the fifteenth (15) day of November in each calendar year. In order to meet this deadline, R.S.47:1705 (A) requires all tax recipient bodies to furnish the assessor with the appropriate tax ordinances and/or resolutions and the tax rate to be applied to the assessed values not later than June 1 of each year.
Based on the above provisions, it is the opinion of this office that the proposed ad valorem tax, if passed in April, 1997, should be designated as a tax for the year 1997 and should be collected for the entire calendar year thereof. Our conclusion is predicated upon the assessor receiving timely notification of the subject tax.
We find support for our conclusion in the case of Morgan'sLouisiana and T.R.R. and S.S. Co. vs. White, et al., 136 La. 1074,68 So. 130 (1915), rehearing denied, and Attorney General Opinion Nos. 94-614 and 77-1519.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General RPI/Rob, III/cla