CONWELL, PRESIDENT OF THE BANK OF CONNERSVILLE *v.* THE PRESIDENT AND TRUSTEES OF THE TOWN OF CONNERSVILLE.

In *September,* 1854, *The Trustees of the Town of Connersville,* assessed against *Conwell, President, &c.,* for taxation, the entire capital stock of the bank. Suit against the bank to collect the tax.

*Held,* that the stock in question was the property of the individual stockholders, and not, in any sense, the property of the corporation.

*Held,* also, that the corporation was liable to be taxed for corporate property only, and the individual corporators for the shares of stock held by them, in the counties where they respectively resided.

*Held,* also, that in the absence of an express statute, the individual stockholders would be, alone, liable to be taxed for their shares of railroad stock.

*Held,* also, that, as a general rule, corporation stocks, as other personal property, are taxable, under our statute, to the individual owners, in the counties in which they severally reside.

*Monday,*
*December 3.*

APPEAL from the *Fayette* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, sued *Conwell,* as *President of the Bank of Connersville,* to recover a·tax levied on certain real and personal property, situate within the corporate limits of said town, and alleged to

be taxable as the property of the bank. The Court tried the issues, and found for the plaintiffs. New trial refused, and judgment.

The record presents these facts. The *Bank of Conners-ville* is located, and transacts her business in the town of *Connersville*. In *September*, 1854, the trustees of the town designated what property should be taxed for town purposes. Among which, so designated, was all the real estate within the corporation, and also, all the personal property therein situated, including "*Indiana* stocks, stocks of the *United States*, and *all bank stocks*." And the corporation assessor having made his return, they, the trustees, fixed the rate of taxation, and proceeded to correct the assessments. In the assessment-roll, returned by the assessor, real estate, valued at $6,500, was assessed to the bank; and her capital stock, valued at $387,100, was assessed to its owners, the stockholders in the bank, as follows: *Wells E. Lawrence*, $3,000; *Wm. Phelps*, $600; *John D. Park*, $192,600; and *Benjamin F. Sanford*, $181,400. This assessment, having been examined by the trustees, was, by their order, amended and changed so as to charge the bank, instead of the stockholders, with the $387,100, the aggregate amount of said capital stock. Pursuant to this change in the assessment-roll, the corporation collector, at the proper time, demanded of the bank the entire amount of tax levied on the above real and personal property. Upon the demand, thus made, the bank paid $22 and 75 cents, the taxes levied on the real estate; but she refused payment of the tax upon the capital stock. In view of these facts, the question arises, was the bank rightfully charged with the tax on the capital stock? It is conceded, that the trustees were authorized to levy a tax on bank stock; but contended that, in this instance, the stock belonged to the stockholders as their several property, and that they were, therefore, severally liable for the respective amounts of tax thereon assessed.

That the stock in question, was the property of the stockholders, and not the property of the corporation, is a proposition that seems to admit of no doubt; they can sell and dispose of it as other property, and it is subject to execution

for their individual liabilities. Hence, it can not, in any sense, be deemed the property of the bank, as a corporation. We are, therefore, unable to perceive any legitimate rule of taxation that would authorize the assessment of this tax against the bank. *Salem Iron Co.* v. *The Inhabitants of Danvers*, 10 Mass, 516; *Amesbury Manufacturing Co.* v. *The Inhabitants of Amesbury*, 17 *id.* 461; *The Boston Water Co.* v. *City of Boston*, 9 Met. 199; *The State of Ohio* v. *The Franklin Bank*, 10 Ohio, 91. These authorities fully sustain the position that, though a corporation may be taxable for its corporate property, the individual corporators, for their several shares of stock, are liable to be taxed in the counties where they reside. It is true, we have decided that stocks in railroad companies, are taxable to the corporations. *The State* v. *Hamilton*, 5 Ind. 310. But that decision is based upon a statute, which expressly requires that mode of taxation to be applied to that class of corporations. 1 R. S., § 32, p. 113. In the absence of this statute, it is quite evident, that the individual stockholders would be, alone, liable to be taxed for their shares of railroad stock. It may, therefore, be assumed, as a general rule, to which the present case is not an exception, that corporation stocks, as other personal property, are taxable, under our statutes, to the respective owners, in the counties in which they severally reside, and not as corporate property. *The Bank, &c.* v. *The City of New Albany*, 11 Ind. 139; *The City of Evansville* v. *Hall*, 14 *id.* 27.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*N. Trusler* and *G. Trusler*, for appellant.

*Parker* and *McIntosh, James Perry* and *Jno. S. Reid*, for appellees.

