Nov. Term,
1861.

KING
v.
THE CITY
OF
MADISON.

---

### KING *v.* THE CITY OF MADISON.

The charter of the *City of Madison* (Local Laws, 1848, p. 89,) provides for the election of an assessor on the first *Monday* in *April*, and requires him forthwith, after his election, to make out the tax list of persons and property, and to complete the same by the first of *July* following, and that time shall not be allowed for that purpose beyond *September* first, following. The collector is, however, authorized, while engaged in collecting the taxes, to list persons and property which the assessor failed, or omitted, to list. The charter also authorizes a tax upon bank stocks.

*Held*, that under these provisions of the charter, persons, or property, becoming taxable after the first of *September*, as bank stock created after that time, could not be listed for taxation, since the assessor can not be said to have failed or omitted to list, that which did not then exist as a subject of taxation.

*Held*, also, that the provision of the city charter which authorizes a tax upon bank stocks, is controlled, as to the stock of the Bank of the State of *Indiana*, by the charter of that bank, which in express terms exempts such stock from taxation for municipal purposes; and this exemption relates to all legal modes of taxation.

Tuesday,
November 26.

APPEAL from the *Jefferson* Circuit Court.

PERKINS, J.—Suit to enjoin the collection of taxes. Injunction refused. No question is made as to jurisdiction.

For more than a year prior to *October* 1, 1858, *John King*, a citizen of the city of *Madison*, *Indiana*, had been the owner of eighty shares of the capital stock of the Branch of the Bank of the State located in that city.

On *October* 1, 1858, the Branch increased her capital stock, and *King* became the owner of forty shares of the new stock. The corporation of *Madison* assessed a city tax upon *King's* stock, which he owned prior to *October* 1, and the collector assessed a tax for the city upon the stock created on *October* 1, 1858, and was proceeding to collect both, when he was sought to be enjoined by this suit, in which, however, the Court refused an injunction.

Two questions are raised.

1. Can the *City of Madison* tax any of the capital stock of the Bank of the State of *Indiana?*

2. If so, could she tax that created *October* 1, 1858, for the year 1858?

We will answer the second question first.

By the charter of the *City of Madison*, the city assessor is elected on the first *Monday* in *April*; and it is made his duty to proceed, forthwith after his election, to make out the tax list of persons and property, and to complete the same by the first of *July* following, and he can not be allowed time beyond the first of the succeeding *September*. The collector, however, is authorized, when engaged in collecting the taxes, further to list persons and property which the assessor failed or omitted to list, but no others. Now, this implies that the persons and property to be listed by the collector, must have existed, as subjects of taxation, at the time the assessor was performing his duty, otherwise he could not be said to have failed or omitted to place them upon the list. It would seem, therefore, that the charter of *Madison* does not permit the listing of persons or property becoming taxable after the time for the assessor to discharge his duty has expired; and it would seem to be a defect in the charter, that it fails to fix a given day to which all taxation for a given year should be referred. The State law does this. Many cities practice upon this rule; and justice demands that all should, else double taxation may result. In this case, Mr.

*King* may have been listed by the assessor for money on hand, or at interest, which, when the collector came round, had been converted into the bank stock that the collector sought again to list, thus imposing double taxation.

Passing now to the consideration of the questions first asked above, we observe, at the outset, that the stock of the bank ought to be subject, as other property, to municipal taxation. No good reason can, we think, be assigned why a resident of a city, owning bank stock, should not pay taxes to the city on that stock, as well as the owners of other kinds of stocks on them. The bank stock is voluntarily chosen as an investment, is as profitable, and will bear taxation as well as any kind of property, and no bonus has been paid for exemption, while the government protects all alike. But the question we have to settle is, can it be taxed under the law? Has the law exempted it from taxation? for if it has, the Courts cannot enforce a tax against it. The question must be left between the Legislature, the corporation, and the people.

The charter of the *City of Madison* authorizes a tax upon bank stocks; but that charter was enacted in 1848, prior to the charter of the Bank of the State of *Indiana*, and, hence, may be controlled by the latter. The *City of Madison* can tax such bank stocks, existing within her limits, as the law of the land does not forbid her to tax.

The tax in controversy was levied upon stock in the Bank of the State of *Indiana;* and the question is, can the city tax the stock? A short inquiry into the mode in which taxes are to be levied upon corporation stocks, will aid us in understanding, and correctly elucidating, the question. Two ideas prevail in *Indiana* on the subject. One is, that the mode of taxing the capital stock of a corporation is an assessment against the corporation itself, by name, for the whole amount of its capital stock, which assessment the corporation pays and charges up to the stockholders, or deducts from the profits of the corporation, thus diminishing the dividends. The other idea is, that the stockholders are to be separately and severally listed by the assessor for the amount of the capital stock which they may own in a corporation.

That this latter is the mode to be adopted, in all cases where statute law does not direct otherwise, is settled by the case of *Conwell* v. *The Town of Connersville*, 15 Ind. 150.

The tax law of *Indiana*, enacted when the State Bank of *Indiana* was alive, prescribed the former of the above modes for the taxation of the capital stock of that institution, by the State and counties, but said nothing as to a special mode of taxation by municipal corporations. If such corporations, therefore, could have taxed her capital stock, they would necessarily have had to adopt the second mode above specified, that is to say, the taxation of the stock of each holder separately.

And we may observe, that the tax law above mentioned, has been considered as in force, and applicable to the Bank of the State of *Indiana*, so far as State and county taxation is concerned, and has furnished the mode in which the taxes for those purposes have been assessed; and, probably, this is right. Policy dictates that it should be so; as, otherwise,. foreign stockholders in an institution created by our State, might secure exemption from taxation here upon their stock, which ought not to be. But there is no special statute prescribing the mode in which municipal corporations shall tax corporation stocks; and, of course, where they can tax them at all, they must tax them by assessing the individual stockholders. This is decided in *Conwell* v. *Connersville, supra.*.

But the charter of the Bank of the State of *Indiana* declares that "the capital stock of said bank or branches shall not be taxable for municipal purposes." § 15 of the charter. This reaches to all the legal modes by which, but for the prohibition, the stock could be taxed by municipal corporations. The prohibition is decisive, if valid. That it is valid, has already been repeatedly decided. *Connersville* v. *The Bank*, &c., 16 Ind. 105; and cases cited in *Conwell* v. *Connersville, supra.*

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, with instructions to grant a perpetual injunction.

*C. E. Walker* and *A. W. Hendricks*, for the appellant.

*Jer. Sullivan*, for the appellee.