### JOHN S. RUSS *v.* SAMUEL E. GEORGE.

A negotiable note, given to a third party by a husband before his marriage, is not extinguished by the mere fact of its purchase from such third party by the wife, after marriage, with money belonging to her before marriage, not reduced to possession by the husband.

One, to whom the wife has subsequently to her purchase of the note transferred it with her husband's assent, may maintain an action upon it against the husband.

The mere facts, that the money, with which the note was purchased by the wife, was "the proceeds of the wife's real estate" sold after marriage, and was "kept in her control and not converted by her husband," and that the "note was never by the husband reduced to possession or in any way converted, but was held by the wife till its transfer," do not as matter of law amount to an assent by him to her disposing of it.

Such an assent may be inferred from circumstances; but whether such an inference is to be made is ordinarily a question of fact for the jury.

ASSUMPSIT to recover the balance due upon a promissory note of which the following is a copy :

"$107.

*Newport, December 8, 1854.*

For value received, I promise to pay Amasa Edes, or order, one hun-

dred and seven dollars, one-half in one year, and the remainder in two years from date, with interest annually,"

(Signed,)                    SAMUEL E. GEORGE.

The following case was agreed by the parties :

Said note was, on the 31st day of May, 1859, endorsed by the payee to Annah George, and was afterwards by her endorsed to the plaintiff.

The defendant and said Annah George are husband and wife, having been married to each other in February, 1859. Said Annah George purchased said note of the payee with money that was hers before her marriage to the defendant, and it was endorsed to her in blank by the payee at the time of said purchase.

No contract of any kind was made between the defendant and said Annah George respecting her property, or the manner in which it should be held prior to their intermarriage, but the proceeds of real estate held by her before her marriage to George, and sold after marriage, and kept in her control and not converted by the husband, was the money with which said note was by her obtained of Edes, and said note was never by the husband reduced to possession or in any way converted, but was held by the wife till its transfer aforesaid. The wife is not now a party in interest.

The note may be referred to as part of this case.

*Rolfe*, for plaintiff.

*Burke & Wait*, for defendant.

BARTLETT, J. The note in question passed to Annah George before the enactment of ch. 2342 of our laws, Ll. 1860, p. 2248, and was not bought with property secured to her sole and separate use, and therefore her rights are to be determined by our common law. *Shannon* v. *Canney*, 44 N. H. 593. It is said to be the settled law of this State, that "the personal property of the wife at the time of the marriage or accruing to her in her own right subsequently, whether it consists in specific chattels, money, or choses in action, and however it may fall to her, whether by legacy, gift *inter vivos* or *causa mortis*, as her distributive share in the estate of a person deceased, or otherwise, if it accrues independently of her husband, and not upon any consideration moving from or connected with him, remains hers until he exercises his marital right by reducing it to possession :" *Hall* v. *Young*, 37 N. H. 146, *Cutter* v. *Butler*, 25 N. H. 343, *Jordan* v. *Cummings*, 43 N. H. 137 ; and the same doctrine applies to a promissory note given to her after marriage for her personal property, not reduced to possession by her husband and sold by her with his assent. *Coffin* v. *Morrill*, 22 N. H. 357 ; *Poor* v. *Hazleton*, 15 N. H. 567 ; *Reed* v. *Blaisdell*, 16 N. H. 194. Whether a note given to the wife by the husband before marriage can be regarded as falling within this rule is a question not now arising. See *Burleigh* v. *Coffin*, 22 N. H. 119.

In the present case neither the note nor the money of the wife, with which it was purchased, was ever reduced to possession by the husband, and the note did not become his by the mere fact of her purchase of it, and was not thereby extinguished, for it did not become a debt due the husband from himself. The simple fact, that, while it belonged to the wife, if it became hers, she might not have been able to maintain a suit at law upon it, would not extinguish it. *Richards* v. *Richards*, 2 B. & Ad. 447. As the law has been held of late in this State, no substantial reason can be given for applying a different rule as to the ownership of such a note from that applied to notes of third persons, and when the note has again become the property of a third person the technical objection to the maintenance of an action upon it no longer exists. If Annah George transferred the note in suit to the plaintiff, with her husband's assent, then this action can be maintained. *Stevens* v. *Beals*, 10 Cush. 292 ; *Miller* v. *Delamater*, 12 Wend. 433 ; Chitty on Bills, (12th Am. Ed.) secs. 23, 24, and n. ; *Marston* v. *Norton*, 5 N. H. 212.

The mere facts, that the money, with which the note was purchased, was "the proceeds of the wife's real estate" sold after marriage, and was "kept in her control and not converted by her husband," and that the note "was never by the husband reduced to possession, or in any way converted, but was held by the wife till its transfer by her," do not as matter of law amount to an assent by him to her disposing of it. He might still have reduced it to possession, and therefore her act alone could not divest him of his qualified interest : *Slawson* v. *Loring*, 5 Allen, 342 ; *Allen* v. *Wilkins*, 3 Allen, 321 ; *Pierce* v. *Dustin*, 24 N. H. 121 ; *Collier* v. *Connelly*, 15 Ind. 151 ; Reeve Dom. Rel. 3 & 150 ; Clancy, H. & W. 4 ; and generally during coverture she would have no power to contract without authority from her husband, either existing at the time or derived from a subsequent ratification. *Wakefield* v. *Phelps*, 37 N. H. 302 ; Clancy, H. & W. 23. The property might have been kept in her control without any relinquishment of the husband's right to reduce it to possession, or any assent on his part that she might dispose of it. If the husband consented that she might dispose of her property or of this note, that consent, being unrevoked at the time of her transfer of the note, would be sufficient, and such a consent may be inferred from circumstances ; but whether such an inference is to be made is ordinarily a question for the jury. Story Cont. sec. 96 ; Clancy H. & W. 23 ; Chitty Con. (10th Am. Ed.) 180, and n. ; *Chamberlain* v. *Davis*, 33 N. H. 129. Such we understand to be the effect of the suggestions in *Jones* v. *Brown*, 34 N. H. 445 ; for whether the husband has suffered the property to remain in the wife's possession with the understanding that she might manage and control it—might dispose of it—must ordinarily be a question of fact. As it is not the duty of this court in a case like this to draw inferences of fact, *Pray* v. *Burbank*, 11 N. H. 293, the agreed case

*Must be discharged.*