The opinion of the court was delivered by
Fenner, J.
The plaintiff was at one time engaged in the manufacturing of electric traction cars and of machinery adapted thereto, and its capital, machinery, etc., were, no doubt, exempt from taxation under Art. 207 of the Constitution, which exempts “the capital, machinery and other property employed in the manufacture of ” sundry named articles, including “ machinery” and “ articles of wood.” But in March, 1891, the company closed its business and has not since been engaged in any manufacturing business. At the time of closing, it had on hand twenty-three cars which it had manufactured and which remained unsold. In 1892 these cars were assessed for taxation, and the sole question in this case is whether they are exempt under Art. 2 7.
While the business of manufacturing continued, it might well have been claimed that the unsold products were a mere form into which the capital employed in the business had temporarily passed and were therefore exempt as part of the capital employed in the business of manufacturing.
But when the business of manufacturing ceased, we fail to see how these ears, or any other capital, machinery or property which had been employed therein, could be any longer exempt. They are certainly no longer “ capital, machinery and property employed in the *1476 manufacture ” of anything. The Constitution does not say that “capital, machinery and property” which was once employed in manufacture shall be exempt as long as it has not been sold. The title to and motive for an exemption rests on the fact of actual employment in manufacturing. Hardly any one would claim that the land and building formerly employed in the business would be exempt after the business ceased; and we do not see how the machinery or other capital or property could have any greater claim to exemption. They all rest on the same basis, and we are clearly of opinion their exemption ceased with the cessation of their employment in manufacturing.
It is to be borne in mind that these cars were never exempt because of their being manufactured products; if they had been, the exemption might continue until they had been disposed of. But they had no claim to exemption, except on the ground that they Mrere a part of the capital employed in manufacturing. When the business of manufacturing ceased, there was no longer any capital so employed, and these cars, like the rest of the capital, property and machinery, lost their exemption and passed into the domain of taxable property.
It is therefore adjudged and decreed that the judgment appealed from be avoided and reversed, and that there be judgment against the plaintiff and in favor of defendant dissolving the injunction and rejecting plaintiff’s demand at its cost in both courts.