# THE MAYOR AND CITY COUNCIL OF BALTIMORE ET AL. *vs.* JOHN JENKINS.

*Taxation—Church Property Sold After Time of Assessment.*

Buildings used exclusively for church purposes and the parcels of land
appurtenant thereto are exempt from taxation. Sec. 171 of the Charter
of Baltimore City provides that the valuation of property subject to
taxation as it shall appear upon the assessment books on the first day
of October in each year shall be final and conclusive and constitute the
basis upon which taxes for the next ensuing fiscal year shall be levied,
provided that property liable to taxation which may have been then
omitted from assessment may afterwards, when discovered, be placed
upon the assessment books. A building which was used as a church
on October 1st, 1901, was sold and conveyed on November 16th, 1901,
to a person who intended to erect a store on the lot. *Held*, that the
land not having been subject to taxation on October 1st, is not liable
to taxation for the year 1902, since the power to assess omitted prop-
erty after October 1st, is confined to property which was then the sub-
ject of taxation.

Appeal from Baltimore City Court (DENNIS, J.)

The cause was argued before McSherry, C. J., Fowler,
Page, Boyd, Pearce, Schmucker and Jones, JJ.

*Wm. Pinkney Whyte* and *Chas. W. Field*, for the appellants,
submitted the cause on their brief.

*Wm. T. Donaldson*, for the appellee.

Pearce, J., delivered the opinion of the Court.

This appeal is from a judgment and order of the Baltimore
City Court, striking out an assessment of $4,700 made by the
Appeal Tax Court of Baltimore City, December 27th, 1901,
for the year 1902, upon a lot of ground with the improve-
ments thereon, at the corner of Fulton and Pennsylvania
avenues, belonging to John Jenkins.

This lot is 60 feet front by 150 feet in depth, and on Octo-
ber 1st, 1901, was owned by the Committee of the Baptist
Church in the city of Baltimore, being then improved by a
one-story frame church, the premises being used exclusively
for public worship. Under the law of Maryland, neither
buildings used exclusively for public worship, nor the grounds
appurtenant thereto, are subject to State or city taxation. On
October 4th, 1901, John Jenkins contracted to purchase said
lot and building and on November 16th, 1901, the Committee
of the Baptist Church executed and delivered a conveyance
thereof to him.

Section 171 of the New Charter of Baltimore City pro-
vides that "the valuation of the property *subject to taxation* in
the city of Baltimore, as it shall appear upon the assessment
books of the Appeal Tax Court on the first day of October
in each and every year, shall be final and conclusive, and con-
stitute the basis upon which taxes for the next ensuing fiscal
year shall be assessed and levied; provided, that the fore-
going provision shall not apply to property in the city *liable to
taxation*, and which may have escaped, or which may have
been omitted, *in the regular course of valuation,* but *such prop-
erty* shall be valued and assessed, and the owner or owners

thereof charged with all back or current taxes, *justly due thereon*, whenever the same may be discovered and placed upon the assessment books.'' The same section further provides that as soon as practicable after the first day of October in each year, a statement shall be rendered by said Court to the City Collector and to the Board of Estimates, showing the valuation and assessment of all the property *subject to taxation* in said city, as it shall appear upon the assessment books of said Court on said first day of October, which statement shall constitute the *taxable basis* for the next ensuing fiscal year, and after the levy of taxes, shall be designated as the tax roll for said year.

In the course of the testimony taken in the Baltimore City Court, it was shown that the property ceased to be used for church purposes after November 18th, 1901, and that Mr. Jenkins purchased it with the view to the erection of a store thereon, but we do not think that its abandonment as a house of public worship, or the purchaser's intention as to its future use, are material for our consideration, under the plain and imperative provisions of the city charter to which we have referred, and which we regard as conclusive of the correctness of the order of the learned Judge below.

The purpose of these provisions, as was said in *Hopkins* v. *Van Wyck*, 80 Md. 15, in considering analogous provisions in the City Code of 1892, is "to designate some definite period as the point of time in each year, when the valuation or appraisement fixed upon the property actually assessed and charged upon the books to each individual, would be conclusively ascertained, and made binding both upon the city and the taxpayer alike; * * * and to fix for a current year a final and conclusive valuation upon *such property* of each taxpayer, as is, on March first (now October first), actually entered upon the assessment books, and not to exempt property that is not, but ought rightfully to be there."

Here, on October first, 1901, the property in question was not, and could not rightfully have been, upon the assessment books, either as the property of the committee of the Baptist

Church, or of the appellee. Not of the appellee, because he did not become the owner until November 16th—and not of the committee of the Baptist Church, because, though it then belonged to that committee, it was then exempt from taxation, and had no legal existence for the purposes of taxation. It did not become taxable until November 16th, and could *then*, with no more propriety, be placed upon the assessment books and be added to the taxable basis for 1902, than a building or structure whose foundations were laid after October first, no matter how speedily completed.

No property, other than corporate property not subject to taxation on October first in each year, can enter into the taxable basis for the ensuing fiscal year, though it become subject to taxation on the next day. The point of time, and the rule of law, which control, are alike arbitrary, and necessarily so, but are none the less final and conclusive, without authority and without argument. The power given in the proviso of sec. 171 to assess after October first, "property escaped or omitted, in the regular course of valuation," is confined to property which was the subject of taxation on October first; or in the language of *Hopkins* v. *Van Wyck, supra*, "which was not, but ought rightfully" to have been upon the assessment books as of October first. None other could then have been legally assessed "in the regular course of valuation," and hence could not be embraced in property "escaped," or "omitted."

In the *William Skinner & Sons Dry Dock Co.* v. *Mayor and City Council*, decided at the last term, ante p. 32, the dry dock was held to be so far a completed structure on October first as to be then the subject of taxation—and not being exempt from taxation, as church property is, it was held to have been rightfully assessed at a later date as omitted property, under the proviso mentioned.

If any authority could be deemed necessary for our views, it may be found in *County of Martin* v. *Drake*, 40 Minn. 137; *King* v. *Madison*, 17 Ind. 48.

*Judgment affirmed with costs above and below.*

(Decided January 14th, 1903.)