IDA MAY WILDBERGER ET AL. v. WILLIAM F. SHAW, ASSESSOR, ETC., ET AL.

TAXATION. *State lands. Purchase from state. Date of liability for accruing taxes. Code 1892, §§ 3794a, 3801.*

Lands purchased from the state after February 1st, but before October 1st, are not liable to taxation for the year in which the purchase is made, any more than lands so purchased after October 1st, under Code 1892, § 3794a, requiring copies of assessment rolls to be delivered to the auditor and tax collector on or before October 1st, and ·Code 1892, § 3801, directing the collector to collect taxes on receipt of the rolls.

· FROM the chancery court of, second district, Coahoma county. HON. A. McC. KIMBROUGH, Chancellor.

Mrs. Wildberger and others, appellants, were complainants, and Shaw, assessor, and Shannon, tax collector, appellees, were defendants in the court below. From a decree partly in defendants' favor the complainants appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*R. H. Wildberger,* for appellants.

The appellants having purchased land from the state of Mississippi between the 5th day of February, 1900, and the 23d day of December, 1900, claim that the lands so purchased are not assessable for taxes for the year 1900, and in support of their claim cite the following statutes, Code 1892:

"Section 3744. The following property . . . shall be exempt from taxation: (c) All property, real or personal, belonging to this state . . . ."

"Section 3746. All taxes assessed shall be a lien upon, and binding the property assessed, from the 1st day of February of the year in which the assessment shall be made . . . ·."

If this section be enforced, then the state of Mississippi conveyed these lands with a lien upon them, and the state of Mis-

sissippi must discharge this lien, else purchasers get only a quit-claim, when the state purports to give them an absolute title.

"Section 3748. What date fixes liability to taxation: All taxable property in the state of Mississippi, or acquired or held by any person before the 1st day of February, shall be assessed, and taxes thereon paid for the current year."

"Section 3771. Lands—When assessed: Lands shall be assessed between the 1st day of February and the 1st day of June in the year 1892, and every four years thereafter."

Section 3778 provides for the assessment of lands sold to the state at a valuation furnished by the commissioner, if the time for redemption have expired, but the state shall not pay the county, or other tax on such land, and if redeemed all subsequent accrued taxes, including taxes of the year of redemption, shall be paid when redeemed, if the county taxes have been levied at the date of redemption.

None of the lands embraced in this suit are redemptions.

Section 3780 provides that all sixteenth sections or school lands shall be liable, after leased, "to be taxed as other lands are taxed," which evidently would not require these lands to be taxed, except to the owners of them, on February 1st of each year.

Section 3779 requires the land commissioner to transmit on the first Monday of January to the assessor "a list of the lands for which he has issued patents during the preceding twelve months."

If this section means anything, it is to give the assessor information so that he may assess for the succeeding year the lands which have been patented by the state during the preceding year.

Section 2573 provides that when a patent shall issue for public lands notice shall be given to the chancery clerk, who shall file the notice, entering the land upon the assessment roll; "and the tax collector shall collect the taxes thereon as in other cases of additional assessments;" but this section evidently cannot

mean that the taxes shall be collected for the succeeding years until a new land roll is made (once in every four years), for there is no direct provision of law that lands shall be assessed to an individual, unless they belonged to the individual on the first day of February of the year for which the assessment is made. The only power to add to the roll for the current year is that given to the assessor in sec. 3800, which empowers the assessor to add any person or thing to it before action on the roll by the board, and after the roll has been approved by the board, power is given to the tax collector under sec. 3804 to assess lands liable to taxation unassessed by the assessor, or land that has become liable to taxation since the last assessment.

CALHOON, J., delivered the opinion of the court.

On divers days between February 5th and December 18th of the year 1900 appellants bought lands from the state. In all they bought twenty-two parcels, seven of them before October 1st and fifteen of them after October 1st of that year. They enjoined assessment and collection of taxes for that year on all of them. The chancellor properly made the injunction perpetual as to the fifteen parcels bought after October 1st, but we think he erred in dissolving it as to the seven parcels bought before that date. We do not see that any significance can be attached to the 1st day of October. It figures only in secs. 3794*a* and 3801 of the code. Section 3794*a* simply requires delivery of copies of assessment rolls to the auditor and tax collector on or before that day, and sec. 3801 merely directs the collector to proceed to collect taxes on receipt of the roll. Lands bought from the state on February 2d of any year are no more taxable for that year than are lands bought on January 31st of the next year. February 1st is the day which fixes liability to taxation.

*Reversed, and decree here retaining the injunction and making it perpetual as to all lands described in the bill.*