(57 South. 528.)

No. 18,986.

CITIZENS' BANK & TRUST CO. v. BOARD OF ASSESSORS et al.

(Jan. 15, 1912. Rehearing Denied Feb. 12, 1912.)

*(Syllabus by the Court.)*

TAXATION (§ 79*) — PERSONS LIABLE — PURCHASER.

The law provides that all taxable property should be assessed, and the fact that plaintiff did not on the first day of the year own the property sought to be assessed, but acquired it only subsequently, does not have the effect of making it nontaxable property from the date of its acquisition until the end of the year in which it was acquired. Taxes are due on the property, since it does not come within any tax exemption, and the taxes must be paid by the owner.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 139; Dec. Dig. § 79.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by the Citizens' Bank & Trust Company against the Board of Assessors and others. From a judgment for plaintiff, defendants appeal. Reversed, and suit dismissed.

Geo. H. Terriberry, for appellant Board of Assessors. Harry P. Sneed, for appellant State Tax Collector. John J. Reilley, for appellant City of New Orleans. Dufour & Dufour, for appellee.

BREAUX, C. J. Plaintiff alleges that the assessment of its property is null and void, and asks that its assessment and the taxes claimed under the assessment be declared null.

Plaintiff collected the shares of its stock on the 31st of January, and commenced business as a bank and trust company in the February following. It then became a going corporation.

Prior to the dates before mentioned plaintiff had no corporate existence.

We learn from the record that the board of assessors, acting under Act 170 of the General Assembly for the session of 1898 and the amendments thereto, assessed for the purpose of taxation, for the year 1911, in the name of plaintiff, the Citizens' Bank & Trust Company, the real estate and improvements formerly owned by the Citizens' Bank, situated in the First district of New Orleans. The property assessed is described in plaintiff's petition.

Plaintiff acquired the real estate and improvements of the Citizen's Bank from the board of liquidators of that bank on the 6th day of February. The property consisting of real estate and improvements of the Citizens' Bank of Louisiana were exempt from taxation on the 1st of January, 1911, also the shares of the capital stock of the bank.

Plaintiff argues:

Under the law and jurisprudence of this state, assessments relate back to the first of the year, and all assessments must be made on the basis of the condition of things on the 1st day of January of each year. As plaintiff was not the owner of the property on January 1, 1911, and became owner only some time afterwards, it opposes the assessment and taxation of its property. Plaintiff avers, in substance, that it will owe no taxes until the year 1912. It also avers that it made due returns and protested against the assessment.

The defendant board of assessors and John Fitzpatrick, state tax collector, for answer to plaintiff's petition, admit the truth of all the allegations of fact in the petition, and aver that, notwithstanding the truth of the allegations of fact, plaintiff has shown no cause of action and no right to the relief sought.

The district court canceled and annulled the assessment on the property described in plaintiff's petition, and canceled and annulled the taxes levied on the assessment. From this judgment, the defendant appeals.

It is true that in the 49 La. Ann. 401, 21 South. 913, case—Southern Insurance Co. v. Board of Assessors—the court held that assessments are based on the condition of things existing on the 1st of January, that the levying of taxes is for the calendar year, and that the law provides that the assessment is to begin on the 2d of January and be completed on the 1st of March. It contemplates an assessment on the basis of the condition of things existing on the 1st of January.

The court in this 49 La. Ann. 401, 21 South. 913, case, cited the Home Ins. Co. v. Board of Assessors, 48 La. Ann. 451, 19 South. 280, as controlling.

After having examined into the cases, we found no great similarity between these cited cases and the case under consideration.

In the last of the cited cases, the court reiterated that in assessing the insurance companies the assessment should relate to the first day of the year. We state as to the principle controlling in these decisions: The assets of insurance companies fluctuate. They are handled very actively. The cash balances are large one day and small the next. The frequency of losses in the insurance business is not considered particularly abnormal. As the profit and loss column is not a certainty, it was deemed proper by the tax assessing and collecting department to adopt a date to which assessments relate; to the adoption of this date this court has given sanction in the cited decisions, supra.

It will be noted in the cases before cited the assessment alone of insurance companies was considered.

Under the decisions before cited, it has never been considered, if an insurance company were to bring assessable property in this state after the 1st of January, whether it would be taxable.

In Palfrey v. Connely, Sheriff, 106 La. 699, 31 South. 148, the rule in assessing insurance companies was extended so as to include all owners. But it was not intended to sanction a hard and fast rule which would enable the taxpayer to control the situation, and to have his property valued at the time fixed and to remain as listed, although thereafter it becomes very evident that he has other property not assessed, and which should be assessed.

Although here again the text of the opinion is too broad for the subject sifted down, the purpose related particularly to valuation of the property which should be as of a particular date and as to title that the state could not have the property (the tract) assessed twice—once on the first of January, when the land belonged to one owner, and again, during the year when the title to the tract had passed to a new owner, in whose name it was again assessed.

This brings us to the Prytania Street Market Case, 110 La. 835, 34 South. 797, as to which we will state that it is not pertinent. The court held that, after an assessment is finally completed, it will not be reopened for the purpose of enabling the owner to show that since the assessment the property has become exempt from taxation. The finality of the assessment is a judgment in the nature of res judicata.

In Bunkie Brick Works v. Police Jury, 113 La. 1062, 37 South. 970, the court adopted the previous ruling. In this last case the issues did not suggest the discussion that has arisen in the case under consideration.

In Hammond Lumber Co. v. Smart, Sheriff (No. 18,874) 57 South. 277,[1] a rehearing has been granted, and it will afford an excellent opportunity to the plaintiff in that case and the plaintiff in the case under consideration to demonstrate, if they can, wherein both of the decisions are erroneous.

We have searched in vain for a tax statute under which to hold that property can be relieved from the payment of taxes which is properly assessable and taxable at the time that the assessor assesses the property of all the owners in the parish. He is charged, by statute, in the broadest terms possible to assess all property except that which is specially and expressly excepted, and to these laws the courts are bound to adhere in all cases.

We will state that there was only a difference of opinion between the plaintiff and the assessing and tax collecting department left to the courts for decision. It is a mere business proposition in regard to which there may be a difference of opinion. As to ourselves, after careful consideration, with the light before us, we are positive that the taxes claimed should be paid.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed; that there is a judgment dismissing the suit; and that defendants recover a fee equal to 10 per cent. for the amount of taxes and penalties.

Further, that plaintiff and appellee pay the costs of both courts.

PROVOSTY, J., takes no part, being absent on account of sickness.

[1]Ante, p. 945.