(78 South. 112)

No. 22775.

JASPER & E. RY. CO. v. MARTIN, Tax Collector, et al.

(Feb. 25, 1918.)

*(Syllabus by the Court.)*

TAXATION ☞204(3) — EXEMPTION OF RAILROADS—TIME.

Under the doctrine that taxes are levied and assessments made for the entire calendar year, the 10 years for which a new railroad is exempted from taxation by article 230 of the Constitution are the 10 years next following, but not including, the year during which the construction of the railroad was completed.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Winston Overton, Judge.

Action by the Jasper & Eastern Railway Company against W. A. Martin, Sheriff and Tax Collector, and others, to annul the assessment of a tax against plaintiff. Judgment for plaintiff, and defendants appeal. Affirmed.

A. V. Coco, Atty. Gen. (Harry Gamble, Asst. Atty. Gen., of counsel), for appellant Board of State Affairs. Elmer L. Stewart and Frank E. Powell, both of De Ridder, for the appellant Tax Collector. Pujo & Williamson, of Lake Charles, for appellee.

O'NIELL, J. This is an action to annul the assessment of a railroad for the taxes of the year 1916, on the allegation that 1916 was one of the 10 years for which the road was exempted from taxation by article 230 of the Constitution. The district court held that the railroad was exempt from taxation in the year 1916; and the defendants, the tax collector, the board of state affairs, the assessor, the police jury, and the board of school directors of the parish prosecute this appeal.

The correctness of the decision depends solely upon whether the railroad was completed in time to have been subject to assessment for taxes in 1906, if the road had not been exempted from taxation for 10 years by article 230 of the Constitution. In other words, if the road was not completed in time to have been subject to assessment for taxes in 1906, the 10 years for which it was exempted from taxation by article 230 of the Constitution commenced with the year 1907, and therefore ended with the year 1916. On the other hand, if the road was completed in time to have been assessed for the taxes of 1906, the 10 years for which it was exempted from taxation commenced with that year, and therefore ended with the year 1915.

The laying of the rails was commenced in April, 1906, and was completed on the 4th of May of that year; but the road was not considered by the railway company to be in a finished condition or safe for the operation of trains until the 1st of August, 1906. Only the construction train, carrying the workmen and the tools and material employed in finishing the road, traveled over it from the 4th of May until the 1st of August, 1906, when the company commenced operating passenger and freight trains over the road.

The defendants contend that the road was completed, though not in use, on the 4th of May, 1906, and that, as the assessment rolls for the year were not then closed, the road would have been subject to assessment for the taxes of that year if it had not been exempted from taxation for 10 years by article 230 of the Constitution.

The plaintiff contends, primarily, that the road was not completed until the 1st of August, 1906, when the assessment rolls for the year had been closed, but that, even if it should be held that the road was completed on the 4th of May, 1906, it was not subject to assessment for the taxes of that year (regardless of the constitutional exemption), because it was not constructed or in existence at the beginning of the year.

Our opinion is that the road was not subject to assessment for the taxes of 1906, re-

gardless of the constitutional exemption, because it was not constructed or in existence at the beginning of the year. Hence it is of no importance whether the construction of the road should have been considered complete on the 4th of May or on the 1st of August, 1906.

The levying of taxes and the assessment of property for taxes is made for each calendar year—not for only a part of a year. Buildings or constructions on real estate do not affect the assessment of the property for the taxes of the year during which the improvements are made. Bunkie Brick Works v. Police Jury, 113 La. 1062, 37 South. 970; Palfrey v. Connely, Tax Collector, 106 La. 699, 31 South. 148; Southern Insurance Co. v. Board of Assessors, 49 La. Ann. 401, 21 South. 913; City of New Iberia v. Police Jury, 135 La. 775, 66 South. 193; Morgan's La. & T. R. & S. S. Co. v. White, 136 La. 1078, 68 South. 130.

The expression in Rock Island, A. & L. R. Co. v. State Board of Appraisers, 133 La. 678, 63 South. 264, that, "if the railroad is completed * * * before the assessment is closed for the year, it may be assessed, prior to or at the time that the rolls for the year are closed," cannot be reconciled with the previous decisions, cited above. Either they or the later decision must be overruled. The application of the doctrine of the Rock Island Case would deprive a railroad of the constitutional exemption from taxation for one of the 10 years. In this case, for example, assuming that the construction of the railroad was completed on the 4th of May, 1906, if we should count that year as one of the 10 years for which the road was exempted from taxation by article 230 of the Constitution, we would allow the exemption for only 9 years—or say 9⅔ years—instead of the 10 years guaranteed by the Constitution. We are therefore constrained to overrule the decision in the Rock Island Case, relied upon by the defendants. The doctrine of that case was not affirmed in either of the other two cases referred to by the learned counsel for the defendants, viz. La. & A. Ry. Co. v. State Board of Appraisers, 135 La. 70, 64 South. 985, and Sibley, L. B. & S. Ry. Co. v. Currie, 137 La. 716, 69 South. 148. Our conclusion is that the judgment appealed from is correct.

The judgment is affirmed.