(120 So. 286)

No. 29441.

## GULF PUBLIC SERVICE CO. v. LOUISIANA TAX COMMISSION et al.

Jan. 2, 1929.

Percy Saint, Atty. Gen., M. M. Irwin, Asst. Atty. Gen., C. B. DeBellevue, of Crowley, Rene A. Viosca, of New Orleans, and Edward Dubuisson, of Opelousas, Special Counsel, for appellant.

Paul Kramer, of Franklin, and Harry P. Sneed, of New Orleans, for appellee.

LAND, J. On July 6, 1927, the plaintiff, Gulf Public Service Company, acquired by purchase from the city of Crowley a certain electric lighting and water plant and distributing system which, prior to that date, had been owned and operated by that municipality.

In August, 1927, the Louisiana tax commission issued an order to the assessor of the parish of Acadia to place upon the assessment rolls for that year, at a valuation of $388,025, the plant in question.

The present suit has for its object the annulment of the order of the Louisiana tax commission, and the cancellation and erasure of the assessment made thereunder from the tax rolls of the parish of Acadia and of the city of Crowley.

From a judgment annulling the assessment, and ordering the state tax collector and the tax collector for the city of Crowley to cancel and erase same from their respective rolls for the year 1927, the tax collector and the assessor of the parish of Acadia and the Louisiana tax commission have appealed.

The order of the Louisiana tax commission for the assessment of plaintiff's plant, issued in August, 1927, is attacked by plaintiff as ultra vires, on the ground that the periods fixed for the listing, as well as for the review of assessments by the parish boards, had closed for the year 1927, and the tax status of the property, as exempt from taxation for that year, had been fixed, and was not changed thereafter by the acquisition by plaintiff of the property from the city of Crowley on July 6, 1927.

Plaintiff also attacks the assessment made in August, 1927, of its property under the order of the commission as in contravention of the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States, as well as of section 1 of article 10 of the state Constitution, requiring that all taxes shall be uniform upon the same class of subjects throughout the territorial limits of the authority levying the tax.

On February 3, 1927, the Louisiana tax commission, acting under Act 140 of 1916, as amended by Act 211 of 1918, adopted the following resolutions:

First. A resolution designating April 1, 1927, as the date when all assessors throughout the state should complete the listing of property for assessment.

Second. A resolution setting May 2, 1927, as the date when all the parish boards of equalization should meet, as provided by Act 231 of 1920, the review of assessments by the parish boards to be concluded 30 days thereafter, or by June 2, 1927.

Third. A resolution instructing all of the assessors throughout the state to file in the office of the Louisiana tax commission in Baton Rouge, La., on or before June 20, 1927, a full, complete, and accurate abstract of the assessments of their respective parishes, for the purpose of review by the commission and the fixing of actual value on all taxable property.

It is provided in section 10, par. 11, of Act 211 of 1918, that it shall be the duty of the board of state affairs, now the Louisiana tax commission: "To fix the time when the assessor shall conclude listing property and fixing valuations, and when he shall place the same before the policy jury as a board of reviewers, and when the police jury shall meet as a board of reviewers; provided, such

time shall be *uniform* throughout the State and provided that all notices required by law. shall be issued to all concerned for the examination of rolls by the taxpayers, or for consideration by the parish board of reviewers, shall not be abridged; nor shall the proceedings thereupon or thereafter be altered without due notice; provided, further, that if the State Board shall change such dates as now fixed by law, special notice thereof shall be given by the proper authorities in addition to the usual notice, in a form to be prepared by the Board."

It is manifest that section 10, par. 11, of Act 211 of 1918, intends that there shall be in this state *a fixed and uniform* time for the completion, as well as for the review, of assessments of taxable property of every kind and description, to be determined and declared each year under the act by the Louisiana tax commission.

As stated in Cooley on Taxation (4th Ed.) vol. 3, § 1062: "The customary regulation is that the assessment shall be made or completed on a certain day, or that it shall be made as of a certain day. This fixes the liability of persons and property to taxation for the year. There are some inconveniences and inequalities resulting from this, but some regulation of the kind is indispensable. A force of tax officers cannot be kept employed for the year in watching the transfer of property, the movements of persons, and the vicissitudes of business, in order to equalize charges upon them; periodical assessments, if they produce injustice in one case, may correct it in the next and on the whole are likely to be fair. At any rate, they constitute the best regulation the law can establish."

In jurisdictions where all taxable property is required to be assessed at a particular date, it has been held that, if, under the local statutes, real estate is exempt from taxation on that date, it does not become subject to taxation during the current year, even though transferred to a person in whose hands it is no longer exempt. Clearwater Timber Co. v. Nez Perce County (C. C.) 155 F. 633; Wildberger v. Shaw, 84 Miss. 442, 36 So. 539; Baltimore v. Jenkins, 96 Md. 192, 53 A. 930; Ohio Val. Railway Co. v. Commonwealth (Ky.) 49 S. W. 548; Electric Co. v. New Orleans, 45 La. Ann. 1475, 14 So. 231; County of Martin v. Drake, 40 Minn. 137, 41 N. W. 942; King v. City of Madison, 17 Ind. 48; Long v. Culp, 14 Kan. 412; Swann & Billups v. State, 77 Ala. 545.

The only exception to this rule which has been called to attention is the decision in Citizens' Bank & Trust Co. v. Board of Assessors, 129 La. 1091, 57 So. 528, 38 L. R. A. (N. S.) 1157. In that case, it was held that the real estate and improvements of the Citizens' Bank, exempt from taxation on January 1, 1911, became subject to taxation after being acquired by the Citizens' Bank & Trust Company on February 6th of that year.

This decision was rendered when Act 170 of 1908 was in force, and fixed an assessment period beginning on January 1st and ending on March 1st. The court held the property assessable on the theory that the exemption was lost during the period of listing, since the property during that period had been acquired by an owner in whose hands it was no longer exempt.

The decision in the Citizens' Bank & Trust Co. Case is not pertinent to the present case, since, during the entire period fixed by the Louisiana tax commission for the listing, and for the review by local boards of assessments for 1927, the property involved in this case was a public plant, owned and operated by the city of Crowley, and was exempt from taxation under article 10, § 4, of the state Constitution of 1921.

In numerous decisions, both before and since the decision in the case of the Citizens' Bank & Trust Company, the Supreme Court of this state has held that, for the pur-

pose of assessment, the status of property is to be taken as of date the 1st day of January of the year in which the assessment is to be made, and that the levying of taxes and the assessment is made for each calendar year— not for only part of the year. Home Insurance Co. v. Board of Assessors, 48 La. Ann. 451, 19 So. 280; Southern Insurance Co. v. Board of Assessors, 49 La. Ann. 401, 21 So. 913; Palfrey v. Sheriff, 106 La. 699, 31 So. 148; Bunkie Brick Works v. Police Jury, 113 La. 1062, 37 So. 970; Hammond Lumber Co. v. Smart, 129 La. 945, 57 So. 277, 38 L. R. A. (N. S.) 856; City of New Iberia v. Police Jury, 135 La. 775, 66 So. 193; Morgan's La. & T. R. R. & S. S. Co. v. White, 136 La. 1078, 68 So. 130; Jasper & E. Ry. Co. v. Martin, Tax Collector, et al., 142 La. 1047, 78 So. 112.

■ Whether the tax status of the property in question in this case be fixed as of date January 1, 1927, or of date April 1, 1927, when the assessments closed, or of date June 2, 1927, when the review of assessments by local boards closed, this property was exempt from taxation at all of these dates, and its assessment for the purpose of taxation in August of that year is illegal, null, and void.

"The very motion of assessment involves the fixing of values of a certain date, since there is no mode of making the valuation vary with the increased or diminished value during the current year and were there, such varying valuation would be destructive of established principles of uniformity." Insurance Co. v. Board of Assessors, 49 La. Ann. 401, 21 So. 913; Hammond Lumber Co. v. Smart, 129 La. 945, 947, 57 So. 277, 38 L. R. A. (N. S.) 856.

Article 10, § 12, of the Constitution of 1921, provides that: "All real estate, exempt as well as taxable, shall be valued at actual cash value, listed on the assessment rolls and submitted to the Louisiana Tax Commission."

This provision of the organic law was car-

ried into effect by section 3 of Act 109 of 1921.

Section 2 of this act reads as follows: "Section 2. That the term 'property' as herein used shall embrace and include every form, character and kind of property, real, personal, and mixed, tangible and intangible, * * * and every other thing of value, in possession, on hand, or under the control, *at any time during the calendar year for which taxes are levied,* within the State of Louisiana, of any person, firm, partnership, association of persons, or corporation, foreign or domestic," etc. (Italics ours.)

If the italicised part of section 2 of Act 109 of 1921 was intended to provide an indefinite extension of the assessment period, as contended by counsel for defendants, such extension would destroy the necessity of a fixed or final date at which the tax status of property is determined, and would render the act unconstitutional, as this provision would be in contravention of article 10, § 1, of the state Constitution, requiring uniformity in taxation, as held in the Insurance Co., and Hammond Lumber Co. Cases above cited.

As announced by Cooley on Taxation, it is indispensable that there should be some regulation that "the assessment shall be made or completed on a certain day or that it shall be made as of a certain day," since *"the levying of taxes* and the assessment of property * * * is made for each calendar year— not for only a part of a year," as declared in Jasper & E. Ry. Co. v. Martin, 142 La. 1047, 78 So. 112, and in the cases there cited.

Under the contention of able counsel for defendants, exempt property acquired in December by a new owner, in whose hands the exemption is lost, may be assessed to him in that month, under section 2 of Act 109 of 1921, for the taxes of the whole of that year.

We do not so interpret this provision.

Section 1 of the act levies a state tax of 5¼ mills for each calendar year "on the dol-

lar of *the assessed value of all property situated within* the State of Louisiana," property exempt from taxation excepted.

 Section 2 does not deal at all with the assessment of property, but merely defines the character of the property subject to taxation, for the guidance, primarily, of the Louisiana tax commission. Construing the two sections together, it is clear that the taxes which are levied for each calendar year under the act must be based upon valid assessments, made in pursuance of existing laws upon the subject, and at the time required by such laws. Act 140 of 1916, as amended by Act 211 of 1918, and Act 231 of 1920, clearly intend that there shall be a fixed and uniform time for the completion and review of assessments on all of the taxable property within the limits of the state.

It is expressly provided in section 9 of Act 109 of 1921: "That all existing laws and parts of laws relating to the assessment, levy, review, equalization and collection of taxes, and procedure for the enforcement of the same, not inconsistent herewith, are hereby declared to be and shall remain in full force and effect; and all laws or parts of laws in conflict herewith are hereby repealed."

It is provided in section 5 of the act that an additional tax of 25 mills shall be levied on rolling stock owned by nonresidents.

In section 6 of the act it is declared: "That the rolling stock of persons, firms, partnerships, companies, associations or corporations subject to the additional tax levied by the foregoing section shall be assessed at actual cash value by the Louisiana Tax Commission upon an assessment roll to be prepared by it, and the taxes levied by Section 1 and Section 5 of this act shall be extended upon such roll by the said Louisiana Tax Commission. Such roll shall be made in triplicate, and it shall be the duty of the Louisiana Tax Commission, on or before the first day of October of each year, to file one copy thereof with the

Auditor of Public Accounts of the State of Louisiana and one copy with the Sheriff and Ex-Officio Tax Collector of the Parish of East Baton Rouge, retaining one copy in its office. The correctness of the several copies of such roll shall be duly certified by the Louisiana Tax Commission."

We fail to find in the provisions of the act any change in existing laws relating to the time for completion and review of assessments, the primary purpose of section 6 being to provide a method for the assessment of an additional tax on the rolling stock of nonresident owners.

As the assessment of plaintiff's property is illegal, null, and void under the Constitution and laws of the state, we do not find it necessary to pass upon the federal questions raised by plaintiff.

Judgment affirmed.