CHARLES WIRTH REALTY & INVESTMENT CO., Inc., v. TROPICAL CLOTHING & MFG. CO., Inc. (BONDHOLDERS' PROTECTIVE COMMITTEE, Intervener).*

No. 16065.

Court of Appeal of Louisiana. Orleans.
April 15, 1935.

*Rehearing granted — So. —.

**456**

Buck, Walshe & Buck and Woollen H. Walshe, all of New Orleans, for appellant.

Lavinius .L. Williams, of New Orleans, for appellee.

WESTERFIELD, Judge.

The Charles Wirth Realty & Investment Company, Inc., the holder of twenty bonds of $1,000 each of the Tropical Clothing & Manufacturing Company, Inc., instituted foreclosure proceedings, via ordinaria, and provoked the sale of the real estate securing the bond mortgage notes. The holders of the remaining bank mortgage notes organized what they called the "Bondholders' Protective Committee' and intervened in the foreclosure proceeding and obtained judgment for the amount of their bonds, when the property was sold by the sheriff on April 5, 1934, the adjudicatee being the plaintiff in the foreclosure proceeding, the Charles Wirth Realty & Investment Company, Inc., the proceeds of the sale were deposited with the civil sheriff for distribution pro rata. In making the distribution, the sheriff retained in his hands the sum of $625.24 for the payment of taxes for the year 1934; this sum being computed on the basis of the assessment of the previous year. The bondholders' protective committee obtained a rule to show cause, directed against Maurice J. Hartson, civil sheriff for the parish of Orleans, and against the Charles Wirth Realty & Investment Company, Inc., why the sum so retained by the civil sheriff should not be distributed forthwith, or, in the alternative, that the Charles Wirth Realty & Investment Company, Inc., "be adjudged as being liable to movers herein for the refund of the said sum of $625.24, as set forth herein, and forthwith ordered to pay said sum

to movers for proper distribution by them as herein shown." After a hearing on the rule, it was made absolute, and the Charles Wirth Realty & Investment Company, Inc., appealed to this court.

The question presented concerns the right or duty of the sheriff to retain out of the proceeds of the sale of the property of the Tropical Clothing & Manufacturing Company, Inc., which occurred on April 5, 1934, an amount sufficient to cover the taxes for that year, with the result that the adjudicatee at the sheriff's sale receive the property free from tax lien and incumbrance.

Section 74 of Act No. 170 of 1898 reads as follows: "* * * Hereafter neither recorders, sheriffs, notaries throughout the State, nor other persons authorized to convey real estate, by public act shall pass or execute any act, or take any acknowledgment to any act under private signature, for the sale, transfer, donation, partition, exchange or other conveyance of any real estate, unless the State, levee district, parish and municipal taxes due on the same prior to the act be first paid, to be shown by the receipt or certificate of the officer having charge of the collection of said taxes or by the certificate of the State auditor, city comptroller or other officer having charge of or keeping the accounts of any municipal corporation or parish of this State, said certificates to be annexed to such act and be conclusive evidence of the payment of all taxes therein certified to be paid, and shall exonerate the notary, sheriff or recorder from all responsibility whatever."

This section of the law makes it the duty of the sheriff and other persons authorized to convey real estate by public act to cause the taxes "due" on the property to be paid prior to the transfer, or, more correctly stated, it prohibits the transfer of the property by the officials mentioned unless the taxes "due" on the property are first paid, which, in practice, amounts to the same thing, so far as the present situation is concerned.

But, when are taxes due? Sections 31, 32, and 34 of Act No. 170 of 1898 read as follows:

"Sec. 31. * * * That in the parish of Orleans the several assessors shall by the first day of May of each year furnish the Comptroller of the City of New Orleans a complete assessment roll; .and shall furnish a like roll by the first of June to the recorder of mortgages, and by the first of July to the State tax collectors in so far as their respective districts are concerned; and a like roll by the first of August to the State Auditor. And the

rolls thus made up shall serve as a basis for all State and city taxation for the year in which they are made."

"Sec. 32. * * * That the recorder of mortgages shall immediately file the tax roll delivered to him and shall retain and keep the same among the record books of his office, and it shall be and constitute a part of the record of the same; said tax inscription in the mortgage office shall not operate as a lien or mortgage upon the property, until the 31st day of December of the current year. He shall index the said tax roll in the current mortgage book under the head of 'tax roll for the year 1898,' and each subsequent year respectively, but no further record thereof shall be necessary or be paid for; provided, that the failure of the recorder of mortgages to mark the said tax rolls 'filed' or to index the same shall in no way prejudice the rights of the State or any parish or municipal corporation."

"Sec. 34. * * * That said filing in the recorder's office shall be full notice to each tax-payer and to each other person whom it may in any manner concern, that the listing, assessment and valuation of the taxable property has been completed, that the tax rolls are on file in the sheriff or tax collector's office and in the office where the mortgage records are kept; that the said taxes are due and collectible, as provided by law."

It appears, therefore, that the assessment rolls are required to be delivered to the comptroller of the city of New Orleans on the 1st day of May and to the recorder of mortgages on the 1st day of June of each year, and that "the rolls thus made up shall serve as a basis for all state and city taxation for the year in which they are made," and that the filing in the office of the recorder of mortgages is notice to all concerned that the assessment has been completed and the rolls on file in the tax collector's office "and in the office where the mortgage records are kept; that the said taxes are due and collectible as provided by law."

■ Our conclusion is that the taxes are due in the city of New Orleans on June 1st, for that is the date fixed by the law itself. The suggestion of counsel that we take judicial cognizance of the fact that the assessment rolls are never filed with the recorder of mortgages on the 1st of June and not until several months thereafter cannot be considered; there being no evidence in the record concerning the date of filing of the rolls in the year in question. The presumption is that those who are charged with the performance of administrative functions under the law act in accordance with its provisions. The analogy which counsel draws between the cases of Y. M. C. A. v. City of New Orleans, 11 La. App. 360, 123 So. 363, and Gulf Public Service Co. v. La. Tax. Commission, 167 La. 757, 120 So. 286, and Jasper & E. Ry. Co. v. Martin, 142 La. 1047, 78 So. 112, and the case at bar, is not sound. The cases referred to deal with property exempt from taxation and hold that the status as of the 1st of January of each year shall determine the question of its exemption for that year. In the instant case we are dealing with the date when taxes on property may be said to be due and not with the status of property as nontaxable, and we find a positive statutory declaration to the effect that taxes are due on June 1st of each year.

■ It results from what we have said that on April 5, 1934, the taxes for that year were not yet due, and that consequently the sheriff was not authorized to deduct from the proceeds of the sale the sum withheld by him to cover the taxes for that year.

The judgment appealed from is affirmed.

Affirmed.

JANVIER, J., absent, takes no part.